MINNIE LOWENTROUT *et al.*

*v.*

ROBERT CAMPBELL *et al.*

*Filed at Springfield October 31, 1889.*

1. FRAUDULENT CONVEYANCE—*subsequent creditors.* Where a debtor makes a conveyance of his property for the purpose of defrauding his creditors, they, whether to be regarded as then existing or subsequent creditors, (if there was, in fact, a fraudulent purpose in making the conveyance,) may have it set aside.  Existing creditors may avoid the conveyance for mere fraud in law, without there being actual or express fraud.

2. SAME—*property purchased with money of a wife—title in the husband—subsequent creditors of the latter.*  Although real estate is paid for out of the separate property of a wife, or with money acquired by her from a source other than her husband, yet if such property is deliberately placed in the name of her husband, a part of which, at least, is so placed there for the very purpose of giving him credit, then, so far as subsequent creditors are concerned, the property will be regarded as that of the husband.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

The following is the opinion of the Appellate Court, filed at the time of rendering the judgment upon which this appeal is prosecuted:

WALL, P. J.: "In the year 1887, Lowentrout & Shausten were sub-contractors, under one Eager, in the building of a portion of the Lake Erie and Western railroad. Shausten had no property. Lowentrout had the legal title to four lots in the city of Bloomington. One of these lots was purchased from one Miller in 1880, at the price of $3000, and was deeded to the wife of Lowentrout. In 1883 Mrs. Lowentrout conveyed this lot to her husband. The other lots were conveyed, at different times, to the husband. It is contended that all this property, which was quite valuable, really belonged to the wife, because acquired with her means, though the title was in the husband.

"The contract held by Lowentrout & Shausten proved unprofitable, and it was finally abandoned by them, the unfinished work being completed by Eager, the chief contractor. The employes of Lowentrout & Shausten, who were mostly day laborers and men with teams, quit work some time in July, 1887. They had been at work for months, but the balance due was for the months of June and July. There was a claim, also, in favor of Harber & Co., who had furnished some scrapers in May. On the 20th of June, 1887, Lowentrout conveyed the real estate above mentioned to his wife, for the expressed consideration of one dollar. The creditors of Lowentrout & Shausten, having obtained judgments on their claims before a justice of the peace, caused transcripts to be filed in the office of the circuit clerk, and obtained executions to the sheriff. These executions were returned *nulla bona*, and a bill in chancery was filed for the purpose of setting aside the conveyance from Lowentrout to his wife, on the ground that it was fraudulent as against these creditors, complainants in the bill. Upon a final hearing, a decree passed according to the prayer of the bill, and the present appeal questions the propriety of that decree.

"It is not necessary to consider the question of fact as to whether the property in controversy was purchased with the

money of the wife. The evidence on this point, though quite positive and circumstantial, presents a very unusual condition of affairs, and much of it is hard to believe. All the circumstances taken into account, the story seems unreasonable in many of its details. But conceding that the money did belong to the wife, and that she acquired it from a former husband and by her own exertions, as she claims, it can not be doubted that the property was deliberately placed in the name of the husband, and that a part of it, at least, was so placed for the very purpose of giving him credit. It must therefore be regarded, so far as these creditors are concerned, as his property. *Hockett* v. *Bailey,* 86 Ill. 74.

"The evidence leaves no doubt that the conveyance was for the purpose of defrauding the creditors of Lowentrout & Shausten, and whether they are to be regarded as existing or subsequent creditors, if there was, in fact, a fraudulent purpose in making the conveyance, they may have it removed out of their way. *Morrill* v. *Kilner,* 113 Ill. 318; *Moritz* v. *Hoffman,* 35 id. 553; Bump on Fraud. Con. chap. 13.

"We think, however, the creditors may well be regarded as existing at the time of the conveyance, and though there was no express fraud, but merely fraud in law, they might ask the relief here granted. Ibid. chap. 18.

"The decree is responsive to the merits of the case, and must be affirmed."

Mr. JAMES S. EWING, and Mr. WILLIAM E. CAPEN, for the appellants:

The proofs show that the property belonged to Minnie Lowentrout—that it was purchased with her money, and that even when the legal title was in her husband, the equitable title was in her.

Even if the grantor be the owner of real estate, having both the legal and equitable title thereto, a voluntary conveyance to his wife is not void, if the grantor does not intend to hinder

and delay his creditors at the time of making the conveyance; and in any case, such conveyance is not fraudulent as to debts afterward contracted by the grantor.

Mere indebtedness at the time will not, *per se,* establish that a voluntary conveyance was void, even as to existing creditors, unless the other circumstances of the case justly create a presumption of fraud, actual or constructive. *Wooldridge* v. *Gage,* 68 Ill. 157; *Moritz* v. *Hoffman,* 35 id. 553; *Uhlich* v. *Muhlke,* 61 id. 440; *Harman* v. *Harman,* 63 id. 582; *Patrick* v. *Patrick,* 77 id. 555; 2 Kent's Com. p. 174.

Complainant must prove that the grantee knew of the insolvency and indebtedness of the grantor, and that the grantor intended to hinder, delay or defraud creditors. *Trustees of Schools* v. *Mason,* 11 Bradw. 454; 15 id. 386.

In any event, equity will uphold title in the wife as against creditors not misled by the title standing in the husband. *Sweeney* v. *Damron,* 47 Ill. 450.

As to existing creditors, fraud is an inference of law, while as to subsequent creditors there must be fraud in fact. Wait on Fraud. Con. sec. 89, p. 138; *Cook* v. *Johnson,* 12 N. J. Eq. 54; *Baker* v. *Gilman,* 52 Barb. 38; *Quimby* v. *Dill,* 40 Me. 528.

A subsequent creditor acquiring his claim with notice of the conveyance, can not attack it as fraudulent. *Kane* v. *Roberts,* 40 Md. 590; *Sheppard* v. *Thomas,* 24 Kan. 781; *Williams* v. *Banks,* 11 Md. 198.

An unbroken guaranty for the payment of a debt, a warranty of title to land, and the like, are not subsisting debts, within the meaning of the cases as to which a voluntary conveyance by the grantor, warrantor, etc., would be fraudulent *per se,* but in such cases actual fraud should be proven. *Jackson* v. *Meyers,* 18 Johns. 425; *Steward* v. *Jackson,* 8 Cow. 406.

Debt for costs does not accrue until judgment is rendered for them, and claimants for costs are subsequent creditors. *Inhabitants* v. *Aldrich,* 8 Gray, 515; *Ogden* v. *Prentice,* 33 Barb. 160.

. The case in 8 Gray, above referred to, also decides that a conveyance, only voluntary, can only be impeached by creditors who were such at the time of the conveyance.

In the case of *Miller v. Miller*, 23 Me. 22, it is decided that credits must be applied to extinguish the earlier items in the account, and must be applied to the extinguishment of the oldest debts. This, of course, is the general rule laid down by all the decisions.

Messrs. WILLIAMS & CAPEN, Messrs. BENJAMIN & MORRISSEY, Mr. J. P. LINDLEY, Mr. W. B. CARLOCK, Mr. H. R. BENSON, and Mr. E. E. DONNELLY, for the appellees:

The conveyance made June 20, 1888, by Lowentrout to his wife, of all his property, worth several thousand dollars, for the nominal consideration of one dollar, only, as expressed in the deed, was *prima facie* fraudulent as to his then existing creditors, without reference to his intent or that of his wife. *Freeman v. Pope,* (L. R.) 5 Ch. 545; *Kehr v. Smith,* 20 Wall. 21; *Kipp v. Hanna,* 2 Bland, 33; *Emerson v. Bemis,* 69 Ill. 541.

When the circumstances surrounding the execution of a conveyance lead to the inference of fraud, the burden of disproving it is on those upholding the conveyance as against the grantee's creditors. *Zimmer v. Miller,* 64 Md. 296; *Bushaner v. Geilfuss,* 65 Wis. 377; *Frank v. King,* 121 Ill. 250; *Beeson v. Eveland,* 26 N. J. Eq. 468; *Post v. Stiger,* 29 id. 556.

Where the husband has taken the title to property in his own name, with his wife's knowledge, and she has for years permitted him to represent the property to be his, and, upon such apparent ownership, to obtain credit and standing, equity will not protect the property from the husband's creditors, even if the design to create a trust in favor of the wife were clearly established by the evidence. *Beeson v. Eveland,* 26 N. J. Eq. 468; *Hockett v. Bailey,* 86 Ill. 74; *Budd v. Atkinson,* 30 N. J. Eq. 530.

All the appellees were creditors, within the meaning of the Statute of Frauds, although portions of the claims of most of them were not due, and, to a certain extent, were contingent at the time of the transfer.   *Walradt* v. *Brown,* 1 Gilm. 397 ; *Bongard* v. *Black,* 81 Ill. 186 ; *Choteau* v. *Jones,* 11 id. 318 ; *Hatfield* v. *Merod,* 82 id. 113 ; *Jackson* v. *Seward,* 5 Cow. 71 ; *Howe* v. *Ward,* 4 Greenlf. 195 ; *Van Wyck* v. *Seward,* 18 Wend. 375 ; *McLaughlin* v. *Bank,* 7 How. 229 ; *Bibb* v. *Freeman,* 59 Ala. 615 ; *Mattingly* v. *Wulke,* 2 Bradw. 169 ; *Bay* v. *Cook,* 31 Ill. 336 ; *Ridor* v. *Kidder,* 10 Ves. 360.

When a deed is set aside as void as to existing creditors, all the creditors, prior and subsequent, share in the fund *pro tanto.*   *Weber* v. *Smith,* 20 Wall. 31 ; *Whittington* v. *Jennings,* 6 Sim. 493 ; *Freeman* v. *Pope,* (L. R.) 5 Ch. 538 ; May on Fraud. Con. (2d ed.) 62.

A conveyance intended to defraud creditors is voidable, not only as to existing, but as to future, creditors.   *Partridge* v. *Stokes,* 66 Barb. 586 ; *Morrill* v. *Kilner,* 113 Ill. 318 ; *Shand* v. *Hanley,* 71 N. Y. 319 ; *Horn* v. *Volcano Co.* 13 Cal. 62 ; *Hutchinson* v. *Kelly,* 1 Rob. 123 ; *Stileman* v. *Ashdown,* 2 Atk. 481 ; *Freeman* v. *Pope,* (L. R.) 5 Ch. 538.

A conveyance intended to defraud creditors is not relieved of its fraudulent character by the mere fact that it is placed upon record, if the creditor has no actual notice, and the conveyance, without his negligence, operates as a surprise upon him.   Bump on Fraud. Con. (3d ed.) 319 ; *Moore* v. *Blondheim,* 19 Md. 175 ; *Burdick* v. *Gill,* 7 Fed. Rep. 670 ; *Churchill* v. *Wells,* 7 Cold. 372.

Per CURIAM : We fully concur in the foregoing opinion, and we find it unnecessary to add anything to what is therein said.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*