Maddox v. Epler.

---

## Maddox et al. v. Epler.

1. *Husband and Wife—Wife's Separate Property.*—Where a wife permitted her husband to use her money in his business operations and to buy and take deeds in his own name, and to retain the same for a period of six or seven years, during which period he became in debt and then conveyed the land to his wife, she can not be heard, in a proceeding by a creditor's bill, to say that she had an understanding with her husband that he would protect her by putting the land in her name when it was paid for, to defeat a creditor who may have trusted her husband on the faith of the property he held with her knowledge and consent.

2. *Homestead Right.*—In a proceeding by creditor's bill, where a decree is entered for the sale of real estate and an appeal taken, the question of homestead rights can not be raised for the first time in the Appellate Court.

Memorandum.—Creditor's bill. Appeal by the defendants from a decree of the Circuit Court of Morgan County; the Hon. LYMAN LACEY,

Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## STATEMENT OF THE FACTS BY THE COURT.

This was a creditor's bill by appellee against appellants, filed October 29, 1890, alleging that on June 19, 1890, complainant, William Epler, obtained judgment in the Circuit Court of Morgan County against Samuel Maddox, for $390.98; that execution issued thereon August 25, 1890, and returned unsatisfied, " no property found," September 8, 1890 ; that said judgment remained in full force, etc.; that said judgment was for pasturage debt, incurred January 5, 1888, on which last date said Samuel Maddox was the owner of a valuable farm of 147 acres in said Morgan county, which, on January 27, 1888, he fraudulently, and without any valuable consideration, conveyed to his wife, Mildred Maddox.

That afterward, on August 9, 1890, said Mildred and Samuel Maddox conveyed said farm to John T. Wright, consideration $8,700, retaining vendor's lien to secure $2,000 of purchase money, balance paid in cash. That said Mildred Maddox had no money or property other than the said land and the proceeds thereof, and has invested said proceeds in lot 4 in Grierson's first addition to Jacksonville, and all that part of " outlot " 20 in Grierson's second addition to Jacksonville lying north of said lot 4 and south of the right of way of the Wabash Railway Company, situate in Morgan County, Ill. That at the time of said conveyance by Samuel Maddox, he did not have or retain any property sufficient to pay complainant and other creditors. That complainant is entitled to have his judgment satisfied out of said last described premises. That Elisha Lawson has some interest in said premises. Makes Mildred and Samuel Maddox and said Lawson defendants. Prays for summons, and that said last described premises may be subjected to payment of complainant's judgment, and for other and further relief, etc. Answer of Mildred and Samuel Maddox filed December 27, 1890. Admits judgment, issu·

Maddox v. Epler.

ance of execution, its return "no property found," and that said judgment remains in full force, etc. That said judgment was for pasturage, for which complainant Epler had an agister's lien by statute, which he neglected to enforce. That said pasture debt accrued after, and not before, said conveyance of January 27, 1888, of Maddox to his wife. Denies that said conveyance was fraudulent, or without consideration, and alleges that the consideration was moneys due from Samuel to Mildred Maddox, derived by Mildred from her father's estate, subsequent to the year 1861. Denies that Samuel Maddox, at the time he conveyed, did not retain sufficient other property to pay complainant and other creditors. Admits that part of the purchase money of the conveyance to John T. Wright was invested in the Jacksonville property, as charged in complainant's bill, and claims it as her separate property, and denies the right of complainant Epler to have his judgment satisfied out of it.

Decree, November term, 1891. Finds issue for, and equities with complainant. Recites judgment, issuance of execution, return of same *nulla bona*, and that said judgment remained in full force, unsatisfied, etc., and that said judgment was for pasturage debt, incurred January 5, 1888, at which date Samuel Maddox owned the 147 acre farm, and that on January 27, 1888, he conveyed same to his wife, Mildred Maddox, and did not at the time retain sufficient other property to pay complainant and other creditors, and is not insolvent; that said conveyance to Mildred was fraudulent as to complainant; that subsequently, on August 9, 1890, said Mildred conveyed said farm to John T. Wright in consideration of $8,700, and with the proceeds purchased the Jacksonville property in Grierson's additions, as described. Orders Samuel and Mildred Maddox, within twenty days, to pay complainant, William Epler, the judgment for $390.98, with interest and costs, and that in default, the master sell the said Jacksonville premises to satisfy same.

Exceptions by Mildred and Samuel Maddox, upon whose appeal the record is brought to this court.

## APPELLANTS' BRIEF.

If Maddox retained sufficient other property out of which appellee and other creditors could have realized, the conveyance by Maddox to his wife, January 27, 1888, was not fraudulent, and the consideration of some $8,000 previously furnished Maddox by his wife was sufficient, and the decree of the court below should have been for the defendants. Koster et al. v. Hiller, 4 Brad. 21; Shackleford v. Todhunter, 4 Brad. 271; Bittinger v. Kasten et al., 111 Ill. 260.

Elisha Lawson, as alleged by appellee's bill, had an interest in the property sought to be subjected. He was made a defendant and regularly served with summons. The decree should have disposed of his interest, and it failing to do so, it is error. County Commissioners v. Reeve, 5 Brad. 606.

Even if the original conveyance was fraudulent, it does not affect the homestead interest; invested, or uninvested, to the extent of $1,000, it is exempt from such sale. Appellee's judgment was never a lien upon it, or upon the land conveyed to her by her husband. Leupold et al. v. Krause, 95 Ill. 440; Jaffer v. Anneals, 91 Ill. 487; Bell v. Devore et al., 96 Ill. 217; Hubbell et al. v. Canady, 58 Ill. 425; Redden et al. v. Potter, 16 Brad. 265; Sanford et al. v. Finkle, 112 Ill. 146.

WM. A. CRAWLEY, solicitor for appellants.

## APPELLEE'S BRIEF.

" The doctrine as to voluntary conveyances as against pre-existing creditors laid down by the Supreme Court of this State is that all such conveyances are void." The only exceptions to this rule recognized in this decision is when the grantor is in prosperous condition and unembarrassed at the time, and that it depends on his ability to withdraw that amount from his estate without the least hazard to his creditors, or in any material degree lessening their prospect

of payment. Russell v. Fanning, 2 Brad. 632; Lyttle v. Scott, 2 Brad. 646; Mitchel v. Byrns, 67 Ill. 522.

R. W. Mills, attorney for appellee.

Opinion of the Court, *the Hon. George W. Wall, Judge.*

After a careful consideration of the evidence we are of opinion the proof supports the decree.

The wife had advanced various sums to the husband from time to time, beginning more than twenty years before the deed which was made to her in 1888. She permitted him to use the money in his business operations and to buy land. The farm in question was purchased six or seven years before it was deeded to her, and while she says she had some sort of an understanding with him that he would protect her by putting the land in her name when it was paid for, yet we think this was too indefinite, and that after she had permitted him to use the money as his own and to put land in his own name, she can not be heard to set up such a claim as she makes here to defeat a creditor who no doubt trusted him on the faith of the property he so held with her knowledge and consent.

It is apparent she would not have asked for the deed, but for suggestion made by her father, and the apprehension that her husband was in failing circumstances. She did not seem to know much as to his financial condition and suffered him to use her funds without conditions and probably without any fear of mismanagement or failure.

It would be inequitable under such circumstances to permit the deed to stand as against *bona fide* creditors who were unaware of the alleged claim in her favor. Whatever might be the equitable aspect of the matter as between her and her husband she can not complain if such creditors are allowed to assert a lien upon the property as against her. But it is extremely doubtful whether she could be regarded as her husband's creditor. She took no note from him, indeed she kept no memorandum of the sums she gave him, and it is by no means certain that she had any intention or

that there was ever any definite understanding that he was to account to her, or to secure her for such advances. Hocket v. Bailey, 86 Ill. 74; Frank v. King, 121 Ill. 250; Lowentrout v. Campbell, 130 Ill. 503.

Nor do we think that he retained enough unincumbered property to protect the complainant. On this point the evidence is somewhat confused and conflicting, but we are satisfied with the finding of the decree in that regard.

The point is now made, and evidently for the first time, that the property ordered to be so sold was the homestead of the parties, and therefore that the decree was erroneous in not making provision to protect the rights in respect thereto.

No suggestion of the sort was made in the pleadings, nor does the evidence clearly disclose that such was the fact. Some parts of the testimony seem incidentally to point in that direction, though not with much certainty.

The property is no doubt worth much more than the amount of the complainant's claim and the value of the statutory homestead, and it is apparent there was no intention of presenting any question as to the homestead upon the hearing of the case, the only contested point being whether the complainant had a right to impeach the conveyances by which the title was placed in the name of the wife. We therefore hold that the question can not now be raised for the first time in this court. Had it been properly presented to the Circuit Court the rights of the parties as to the homestead would have been considered, and the conclusion then reached, if not satisfactory, might have been assigned as error. As the record now appears we can not consider the objection. The decree will be affirmed.