(85 App. Div. 331.)

### WOOLSEY v. HENN et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. HUSBAND AND WIFE—FRAUDULENT CONVEYANCE—ESTOPPEL.

A husband, in February, 1895, purchased real estate with his wife's money, and, without her knowledge, took title in his own name, retaining the deed.   On discovering this fact in July, 1901, she demanded a conveyance from her husband, and one was executed in the September following.   The husband had meanwhile obtained credit on his representations that he owned the property.   He also obtained the discounting or renewal of one note after the wife had knowledge, and before the conveyance to her, but it was not shown that this was in reliance on the husband's ownership.   *Held*, in an action to set aside the conveyance to the wife as in fraud of creditors, that she was not estopped from asserting title.

Appeal from Special Term, New York County.

Action by Alonzo M. Woolsey against Christian Henn and another. From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. F. Doyle, for appellant.

A. A. Joseph, for respondents.

PATTERSON, J.   The plaintiff, on the 27th day of December, 1901, recovered a judgment against the defendant Christian Henn; execution was issued thereon, and was returned unsatisfied.   There-

after he brought this action to set aside a conveyance of real estate made by Christian Henn to his wife, the defendant Annie Henn, on the 23d of September, 1901, it being alleged in the complaint that such conveyance was executed and delivered with intent to hinder, delay, and defraud the creditors of Christian Henn. On the trial of the action the complaint was dismissed on the merits, and from the judgment entered thereon this appeal is taken.

The ground upon which the complaint was dismissed is that the property which was the subject of the conveyance never belonged to Christian Henn, but did belong to his wife. The court found such to be the fact, and the finding was fully justified by the evidence. The property was bought with Mrs. Henn's money, and she was equitably entitled to it. It was purchased in February, 1895; the deed was taken in the name of Christian Henn, as grantee, but without the knowledge of Mrs. Henn, who did not discover that the title stood in the name of her husband, instead of in her own name, until July, 1901, which was the first time she saw the deed after its delivery. Meanwhile it had been in the custody of her husband. On reading the record, we see no reason for differing with the learned judge at Special Term in his conclusion that the story told by the defendants with respect to the deed is true. When Mrs. Henn discovered the situation of the title, she demanded a conveyance from her husband. She went to the country in July, 1901, and did not return until September, and then her demand was complied with. Although the conveyance was voluntary, it simply operated the restitution to the true owner of her property.

It is claimed, however, that this real estate should be subjected to the claims of Christian Henn's creditors, because credit was given him on the strength of representations made by him to a mercantile agency that he owned this specific property, and that Mrs. Henn should be estopped by negligence from claiming that it did not belong to her husband. Our attention is called to what was decided in Sloan v. Huntington, 8 App. Div. 93, 40 N. Y. Supp. 393, but there it appeared that the judgment debtor was allowed to retain title to the property, and credit was given while the title thus remained in him with the apparent acquiescence of the real owner, and negligence in asserting or enforcing a right under those circumstances was regarded as constituting an estoppel. In this case, however, the facts are different. Mrs. Henn did not know the title was not in her name. The transactions out of which the indebtedness of Christian Henn arose, and in respect of which credit was given in reliance upon his false statement of ownership of the property, all took place before she discovered that the title was not in her name, except the renewal or discounting of a note by the Plaza Bank in September, 1901. The evidence is entirely insufficient to show that at that date, and with respect to that isolated transaction, the Plaza Bank relied upon any representation then made by Christian Henn. The negligence that would estop the real owner from asserting a right to property in an action of this character is referred to and stated in Trenton Banking Co. v. Duncan, 86 N. Y. 223, where it is said that "it is undoubtedly true that the owner of real or personal property may by his con-

duct in inducing others to deal with it, without informing them of his claim, debar himself from asserting his title, to their injury." That was an action to set aside a conveyance of real estate made to Alexander Duncan by members of the firm of Duncan, Sherman & Co., and it was sought to have the land subjected to the lien of a judgment obtained by the plaintiff against the members of that firm. There, as here, there was no fraud in the conveyance, and while it was held that the principle referred to applies to protect creditors who have given credit upon the faith of the apparent ownership of lands in the possession of a debtor against a secret and unrecorded conveyance, fraudulently concealed by the grantee, he having knowledge that the debtor was holding himself out as owner and gaining credit thereby, yet in the absence of fraud, or clear evidence of knowledge on the part of the defendant of circumstances which called upon him to put the deed upon record, that deed would not be avoided; and it was also decided that even if the debtor held himself out as owner, or was guilty of fraud, the defendant could not be charged with the consequences, in the absence of knowledge on his part. As, in that case, neglect to record the deed was not sufficient to avoid it, here, Mrs. Henn's failure to have the title put in her name, she being actually ignorant of its situation, is not sufficient to avoid the conveyance to her.

The judgment appealed from should be affirmed, with costs. All concur.