## South Side Trust Company *v.* Fitzharris, Appellant.

*Husband and wife—Deed—Fraud on creditors.*

Where a wife conveys her real estate to her husband without consideration and he holds it for seven years, and during such time contracts debts on the credit acquired by his holding such real estate, the wife cannot, after her husband has re-conveyed such real

206 SOUTH SIDE TR. CO. *v.* FITZHARRIS, Appellant.

estate to her without consideration and when insolvent, assert title to it as against her husband's creditors.

Argued November 7, 1912. Appeal, No. 9, Oct. T., 1913, by defendant, from decree of C. P. Allegheny Co., April T., 1912, No. 1511, on bill in equity in case of South Side Trust Company, Trustee of the Estate of M. Fitzharris, a bankrupt, Julia Fitzharris and M. Fitzharris. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for conveyance of real estate. Before SWEARINGEN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree directing re-conveyance.

*W. L. McConegly,* with him *Hale Hill,* for appellant.

*Nelson McVicar,* of *Kennedy, McVicar & Hazlett,* with him *Ward Bonsall,* for appellee.

PER CURIAM, January 6, 1913:

We agree with the conclusion of the learned trial judge. He entered the correct decree under the facts found by him. The deed was made by the wife to the husband in 1903 without any consideration, and he held the property for seven years. During that time he had the legal indicia of ownership which gave him credit and which during those years enabled him to obtain loans from the Tarentum Savings and Trust Company and others. In 1910 he reconveyed the property to his wife without any consideration, and in 1911 was declared a bankrupt. Fitzharris was insolvent at the time he made the conveyance to his wife, and the court finds that the indebtedness of the trust company and other creditors is unpaid and that there are no assets to meet the indebtedness in the hands of the trustee in bank-

ruptcy. By conveying the real estate to her husband, Mrs. Fitzharris put it in his power to obtain credit on the faith of his ownership and she cannot now deny that the ownership was in him as against the creditors who loaned their money by reason of the confidence invited by her act. The complainant in the bill represents the creditors who advanced their money upon the faith of the ownership of the property, declared by the wife to be in her husband, and has, therefore, the right to invoke the aid of the court to protect their interests.

The decree is affirmed.