J. D. Sisler Company, a corporation of the State of Delaware,

*vs.*

Frank Sterling and Sarah Ella Sterling, his wife, and Frances E. Davis (formerly Frances E. Sterling).

*New Castle, Jan.* 11, 1924.

On final hearing of a bill to set aside a conveyance, it was too late to urge that the bill should be dismissed because it failed to show that remedy at law was exhausted by judgment and execution thereon returned unsatisfied; no demurrer being interposed to the bill on such ground, and the evidence showing the issuance of an execution and return of *nulla bona.*

Where wife, furnishing money for land, permitted conveyance to her husband and the deed was recorded, she is estopped from asserting a claim of ownership against payee of note indorsed by her husband; the payee of the note having accepted the same on the strength of the indorsement, and a search of the public records showing title in the husband.

Bill to Set Aside a Conveyance. The bill alleges that Clayton D. Appleby was indebted to the complainant in the amount of $922.41 and that in order to secure a discontinuance of a suit brought by the complainant to recover said sum, Appleby gave to the complainant a promissory note for the amount dated January 4, 1922, and due three months from date, with the defendant, Frank Sterling, as endorser thereon; that said note was accepted by the complainant and the suit discontinued upon the representation by Appleby that Frank Sterling was the owner of real estate in New Castle County—a representation which the complainant verified by an examination of the proper records before accepting the note and discontinuing the suit; that the said note was reduced to the sum of $833.00 and a renewal note for this amount with the same endorser accepted by the complainant; that the sum due on the renewed note was in turn reduced by a further payment on account and another note given with the defendant, Frank Sterling, as endorser in the amount of $722.00; that upon maturity this latter note was not paid and the same was duly protested, due notice thereof being given to the parties thereto; that at the time of the giving of the original note, the defendant, Frank Sterling, endorser thereon, was seised of a certain farm in New Castle County commonly called "Damascus,"

description of which is set out in the bill; that the original and renewal notes were all accepted by the complainant relying wholly upon the ownership by the defendant, Frank Sternling, of said farm; that prior to the first renewal of the original note, to-wit, on March 9, 1922, without the knowledge of the complainant, Frank Sterling through the defendant, Frances E. Davis as intermediary, conveyed the said farm to his wife, the defendant Sarah Ella Sterling, without any consideration and in fraud of his creditors; that the complainant was ignorant of the transfer of title to Mrs. Sterling until some time after suit had been entered upon the last renewal note and judgment obtained thereon in the Court of Common Pleas against Frank Sterling on December 1, 1922, for $741.34; that Appleby is insolvent, having been adjudged a bankrupt in October, 1922, and his estate not being worth more than enough to pay the costs of administration in the bankruptcy court; and that Frank Sterling owns no other property or real estate out of which complainant's judgment against him may be collected.

The prayers are for a preliminary injunction; that the two deeds by which Mrs. Sterling acquired her title be declared fraudulent and void and be cancelled; and that the said farm or so much therof as may be necessary, may be sold in satisfaction of the judgment for $741.34 so obtained as aforesaid by the complainant against the defendant, Frank Sterling, or that the said farm may be impressed with a lien for said sum.

The answers, omitting reference to those averments therein which were not sought to be sustained by evidence at the hearing, set up the defense that the farm called "Damascus" was purchased in February, 1916, by funds belonging to Sarah E. Sterling, but that title to the farm was taken by her husband, Frank Sterling, in his own name; that Frank Sterling was repeatedly requested by his wife to transfer the title to her but that he neglected so to do; that when Mrs. Sterling learned in March, 1922, that her husband had endorsed the Appleby note in favor of the complainant, she insisted that the title to "Damascus" should be conveyed to her, the true owner, and that in obedience to this demand the deeds referred to in the bill were executed, and that they were in no sense executed for the purpose of defrauding the complainant.

The case was heard on bill, answers and oral tesimony taken before the Chancellor.

*Leonard E. Wales*, for the complainant.

*Edmund S. Hellings*, for the defendants.

THE CHANCELLOR. The bill alleges recovery of judgment against Frank Sterling for $741.34 in the Court of Common Pleas of New Castle County. It fails to allege an issuance of execution and a return thereon showing it to be unsatisfied. No demurrer was interposed objecting to the bill on these grounds. It is now urged upon final hearing that the bill should be dismissed because it fails to show that the remedy at law was exhausted by judgment and execution thereon returned unsatisfied before resort to this court for its ancillary aid. This objection comes too late. The evidence discloses that as a matter of fact an execution was issued out of the Court of Common Pleas and returned *nulla bona* and the judgment thereupon transferred to the Superior Court. The evidence further shows that Frank Sterling has no other property, real or personal, out of which the judgment can be made. Having answered the bill and gone to final hearing, the defendants cannot avail themselves of the objection now urged that the bill fails to allege an execution and return of no goods. *Crocker v. Dillon*, 133 *Mass.* 91; *Long v. Page*, 10 *Humph. (Tenn.)* 541; *In re Wm. S. Butler & Co.*, 207 *Fed.* 705, 125 *C. C. A.* 223.

I shall not review the evidence by which the defendants seek to show that the money for the purchase of "Damascus" was in fact supplied out of funds belonging to Mrs. Sterling. In the view I take of the case, it is unnecessary for me to make a finding of fact with respect thereto.

The case is determined against the defendants by the fact that even if Mrs. Sterling did furnish the money with which to make the purchase, her conduct has been such as to estop her from now asserting a claim of ownership against the complainant as a creditor of her husband. She knew that the deed of conveyance placed the title in her husband. This deed was duly recorded. The complainant, before accepting Sterling as endorser on Appleby's note, consulted the public records in the Recorder of Deeds' office

for the purpose of ascertaining whether Sterling was the owner of real estate in New Castle County. Finding that he was the record owner of "Damascus," the complainant accepted him as endorser. It is not contended that the complainant had any notice or knowledge of Mrs. Sterling's claim to be the real owner. When Mrs. Sterling learned that her husband had endorsed the note she then insisted that the title, which by her consent had remained in her husband's name for a period of six years, should be transferred to her. As soon as a creditor who had relied on the recorded deed seeks to assert rights on the faith thereof, she seeks to repudiate all the representations of that instrument, notwithstanding the fact that she consented to its execution and had full knowledge of its recordation. To allow her to do this would be to permit her to repudiate the consequences of that notice to the world which it is the purpose of the recording act to secure and to which by her conduct she assented. As against the complainant, the two deeds by which title was transferred to Mrs. Sterling must be held to be void in law. *Besson v. Eveland*, 26 *N. J. Eq.* 468; *Budd v. Atkinson*, 30 *N. J. Eq.* 530; *Trust Co. v. Fitzharris*, 239 *Pa.* 205, 86 *Atl.* 694; *Lowentrout v. Campbell*, 130 *Ill.* 503, 22 *N. E.* 744; *Warner v. Watson*, 35 *Fla.* 402, 17 *South.* 654; *Goldberg v. Parker*, 87 *Conn.* 99, 87 *Atl.* 555, 46 *L. R. A. (N. S.)* 1097, *Ann. Cas.* 1914C, 1059.

A decree will be entered declaring the deeds in question void as against the complainant, directing payment to the complainant of the amount shown to be due within a specified time, or in default thereof that the premises be sold and the proceeds brought into court, and the costs taxed against the defendants.