KEATON v. PIPKINS et ux.

No. 252.

Circuit Court of Appeals, Tenth Circuit.

Sept. 10, 1930.

Charles A. Dickson, of Okmulgee, Okl., for appellant.

H. B. Parris, of Eufaula, Okl., for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

On October 16, 1926, T. R. Pipkins executed a renewal note for the principal sum of $2,500 to the First National Bank of Checotah, Oklahoma. On the same day, he made a written financial statement to the bank in which he stated that he owned certain personal property of the value of $2,250, a homestead of the value of $4,000 and 196 acres of land in McIntosh County, Oklahoma, of the value of $7,860, and that his liabilities consisted of an indebtedness to the bank in the sum of $2,500.

On November 8, 1926, T. R. Pipkins executed and delivered to Maggie Pipkins, his wife, a quitclaim deed conveying 157.76 acres of such 196 acre tract. On April 12, 1927, the bank recovered judgment against T. R. Pipkins on such note for $2,360.29 principal, with interest at 10% from November 9, 1926, for $236.02 attorney's fees and for $25.00 costs.

On December 1, 1927, the bank was taken over by the Comptroller of the Currency, on account of its insolvency, and, on December 15, 1927, Harwood Keaton was duly appointed receiver and took charge of the books, records and assets of such bank for the purpose of winding up its affairs.

On August 15, 1928, Keaton, as such receiver, commenced this suit against T. R. Pipkins and Maggie Pipkins to set aside such deed on the ground that it was made when Pipkins was insolvent, without consideration and for the purpose of hindering, delaying and defrauding the bank, a creditor of T. R. Pipkins.

The evidence on the part of the appellees established the following facts: That Maggie Pipkins was 69 years of age; that she was first married to Henry C. Ernest; that Ernest died in 1887; that she inherited from Ernest about sixty head of cattle, two horses and a wagon, a crib of corn, some hogs, a mercantile store, a stock of merchandise, a small home and five acres of land, all of the value of approximately $5,000; that she married T. R. Pipkins in 1892; that he owned no property at the time of such marriage; that he took charge of the management of the property which Maggie Pipkins had inherited from Ernest, and sold the five acre tract and certain of the cattle, and with the proceeds purchased a tract of land near Eufaula for $1,000; that he exchanged such tract for another tract of land near Eufaula; that he sold the latter tract in 1907 for $2,200 and purchased a tract of land at Texana for $2,130; that in 1913 he sold the last mentioned tract for $3,500 and applied the proceeds to the purchase of the 157.76 acre tract of land; that the latter tract cost $4,000; that each of such tracts of land belonged to Maggie Pipkins and that she understood the deeds to each of these tracts had been taken in her name; that the deed to the 157.76 acre tract of land ran to T. R. Pipkins and that the record title thereto stood in his name from 1913 to the date of such quitclaim deed; that Maggie Pipkins did not discover that the title to such tract of land had not been taken in her name, until a short time before such quitclaim deed was executed; that Maggie Pipkins did not consent that T. R. Pipkins should, and did not know that he had obtained credit from such bank upon the faith of the ownership of such land.

The proof failed to establish that T. R. Pipkins was insolvent at the time such quitclaim deed was made. On the other hand, it tended to show that his assets, exclusive of the land in question, were then in excess of his liabilities.

The trial court found the issues for the appellees and entered a decree accordingly. The receiver has appealed.

Section 5271, C. O. S. 1921, reads as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Section 6020, C. O. S., 1921, reads as follows:

"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

Counsel for the receiver contends, first, that such quitclaim deed was void, under the provisions of the statutes of Oklahoma above set forth; and, second, that under the facts Maggie Pipkins is estopped to claim as against the bank that she held the equitable title to such land.

In order to bring the case within the provisions of sections 5271 and 6020, supra, the burden was upon the receiver to establish either the insolvency of Pipkins at the time such quitclaim deed was executed, or want of consideration for the deed. Vacuum Oil Co. v. Quigg, 127 Okl. 61, 259 P. 858; Shuler v. Old Honesty Oil Co. (C. C. A. 8) 18 F.(2d) 894; Oklahoma Nat. Bank v. Cobb, 52 Okl. 654, 153 P. 134, 136. The proof did not establish such insolvency.

Where a husband takes title in his name to land purchased with his wife's money, there is a presumption that he holds such land in trust for his wife (Farmers' State Bank v. Keen, 66 Okl. 62, 167 P. 207, 210; Hawkins v. Hawkins, 150 Ga. 61, 102 S. E. 431; Thomas v. Standiford, 49 Md. 181; Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812; Fogle v. Pindell, 248 Mo. 65, 154 S. W. 81) and creditors of the husband, who undertake to subject such land to their claims, have the burden of showing the contrary. Fogle v. Pindell, supra; Chadbourn v. Williams, supra. It follows that T. R. Pipkins held such land in trust for Maggie Pipkins at the time he made the conveyance to her. This equitable interest of Maggie Pipkins was a sufficient consideration for the quitclaim deed. Voorheis v. Blanton (C. C. A. 4) 89 F. 885. The deed was not void for want of a "fair and valuable consideration."

It is well settled that a married woman, by permitting her husband to use and manage her separate property and thereby conferring upon him the indicia of ownership whereby third persons are induced to give credit on the faith of his apparent ownership, may be estopped to assert her title to such property as against the claims of creditors. Bragg v. Lamport (C. C. A. 7) 96 F. 630; Keating v. Keefer, 14 Fed. Cas. No. 7635; Farmers' State Bank v. Keen, 66 Okl. 62, 167 P. 207, 208; Sikes v. DeLoach, 166 Ga. 887, 144 S. E. 655; War Finance Corp. v. Erickson, 171 Minn. 276, 214 N. W. 45; State Bk. of Cooperstown v. Newell, 55 N. D. 184, 212 N. W. 848; Sisler Co. v. Sterling, 14 Del. Ch. 163, 123 A. 129; Sidney v. Wilson, 67 Cal. App. 282, 227 P. 672, 675, 676. But the separate property of the wife becomes liable to the claims of creditors of her husband only where he deals with it and obtains credit on it as his own, with his wife's knowledge. Mayer v. Kane, 69 N. J. Eq. 733, 61 A. 374. Accordingly, where land has been acquired for the wife with her money or property and the deed has been taken and recorded in the name of the husband contrary to her instructions and without her knowledge or consent, she is not estopped to claim title thereto as against the creditors of her husband, where she has acted, promptly upon discovery of the facts, to have the record title placed in her own name. Garner v. Second Nat. Bank, 151 U. S. 420, 14 S. Ct. 390, 38 L. Ed. 218; Garner v. Findley (D. C.) 110 F. 123; Moulton v. Haley, 57 N. H. 184; Mayer v. Kane, supra; Woolsey v. Henn, 85 App. Div. 331, 83 N. Y. S. 394; Steagall v. Steagall, 90 Va. 73, 17 S. E. 756; Simpson v. Biffle, 63 Ark. 289, 38 S. W. 345.

Applying the above principles to the facts in the instant case, it is clear that Maggie Pipkins was not estopped to claim the equitable title to the land in question as against the bank.

The decree is therefore affirmed.