OLIVER, guardian, *v.* HAMMOND *et al.*

| 85 | 323 |
| 110 | 502 |
| 85 | 323 |
| 118 | 884 |
| 85 | 323 |
| 125 | 227 |

1. Upon a petition by an administratrix against the children of her husband for an account and settlement of claims which she alleged his estate owed her individually and as guardian, and upon the answers thereto, a legal judgment and decree could be entered and the estate in her hands as administratrix be administered thereunder; and the children, through their guardians *ad litem*, were proper parties defendant.

2. A husband who takes possession of his wife's separate estate and manages it for her becomes her general agent, and as such is accountable to her for the income, profits or interest which he makes by its use; and if he die before making a settlement with her, she is entitled to recover from his estate by proving that he had possession of the property, what it was worth for rent, and what the interest and income would be in case it was money; especially where the agent kept no books and made no report to his principal. In such a case testimony on the hearing before an auditor, by tenants who rented the wife's land from the husband and agreed to pay certain cotton therefor, showing what the same was worth, and of others showing how much money they paid for rent, and other testimony showing what certain of the lands were worth for rent, was admissible. In defence it was admissible to show that the agent had accounted with his principal or had properly disbursed the funds in his hands belonging to her, or that no income or profits were made, or that the expenses exceeded the income.

3. Where the husband took possession as general agent of his wife at the time of their marriage, and managed the property for her until his death, without in any way ever accounting to her, he occupied a fiduciary relation rendering the statute of limitations inapplicable, though certain of the accounts ran for more than six years.

4. The exception to the finding of the auditor that the evidence showed that the deceased did not intend to make any charge for the upport of a son and ward of his wife, the administratrix, was properly overruled, no evidence of a contrary intention having been introduced.

5. The evidence is sufficient to sustain the finding upon all the exceptions of fact save as to the sum of $240 charged against the

estate for rent of the Allen place in 1866; it appearing probable that the administratrix received that sum. If, upon investigation, the trial judge finds that such is the fact, he will write off that amount from the decree; otherwise it must be left to stand.

April 23, 1890.

Actions. Estates. Parties. Administration. Principal and agent. Landlord and tenant. Husband and wife. Evidence. Statute of limitations. Trusts. Practice. Before Judge RONEY. Burke superior court. December term, 1889.

The facts of this case are stated in this decision. The exceptions *pendente lite* therein referred to as taken by the defendants to the rulings of the judge on the exceptions to the auditor's first report, are that the judge erred (1) in confirming the report as to charges against the estate for the years 1880 and 1881, for rents, mules, cotton-seed, and balance on settlement with May Maud Gordon, these items being barred by the statute of limitations, and not being shown to be due; (2) in refusing to allow the estate reasonable credit for the support of George M. Gordon during the time he lived with and was supported by Chance, deceased; (3) in sustaining Mrs. Hammond's exceptions, as the estate cannot be held liable unless she show that the deceased had not accounted for the amounts that went into his hands; and (4) in refusing to apply this rule to the claim of George M. Gordon, and in sustaining the auditor as to it.

Among the exceptions taken by the defendants to the auditor's second or supplemental report, were that he erred in charging against the estate the interest on the purchase of the Allen place for one year, the evidence being that Mrs. Chance (now Hammond) received the proceeds of that place for 1886, and the estate being chargeable only with the interest on $2,940 from December 22, 1883, to July 1, 1886; in admitting the testimony of croppers, and of witnesses testifying as to

the value of one of the places for rent in 1883, 1884 and 1885 ; and in overruling the plea of the statute of limitations. Among the grounds for new trial (besides the general ones) were that the judge erred in refusing to dismiss the case for the reason that no judgment could be rendered, the petitioner setting up a claim against the estate of which she is administratrix and attempting to maintain the suit by making the heirs of the estate its representatives ; in refusing to sustain the plea of the statute of limitations ; and in overruling the defendants' exceptions to the auditor's report. This motion was overruled ; and the defendants, in their bill of exceptions to the Supreme Court, assigned for error the following :    (1) The overruling of the auditor's first finding that no case was made by Mrs. Chance (now Hammond), the testimony showing that Chance was acting as agent for her during the time he managed the property for the use of which the suit was brought, and defendants contending that it was incumbent on her to prove not only that he had received her money, but that he had not accounted for all of it.    (2) The sustaining of the auditor in overruling the plea of the statute of limitations as to all items found by him to be due Mrs. Chance (now Hammond), individually or as guardian, for the use of the property in 1880 and 1881.    (3) The refusal to dismiss the case on the motion of defendants.    (4) The sustaining of the auditor's refusal to credit the estate with any sum for the board and maintenance of George M. Gordon during the time Chance and Mrs. Chance (now Hammond) were married. (5) The overruling of the defendants' exceptions to the auditor's report, and of their motion for a new trial. (6) The decree was contrary to law and evidence.

LOVETT & DAVIS, T. W. OLIVER, Jr., and T. D. OLIVER, for plaintiff in error.

F. H. MILLER and J. J. JONES & SON, contra.

SIMMONS, Justice.

George M. Gordon died March 31st, 1878, leaving a widow, Elizabeth W., and a daughter, Maud, by a former marriage, and a son, George M., by his last marriage. His widow was appointed guardian of the two children. Subsequently Catherine Kidwell was appointed guardian of Maud; and with her Elizabeth W. made a settlement and was discharged. In November, 1879, Elizabeth W. intermarried with Abram Chance, and in November, 1886, he died. At the time Chance married Mrs. Gordon he had two children, Ina V. and Henry Thomas; and by his last marriage he had three children. Mrs. Chance was appointed administratrix of his estate. She filed her petition to the superior court, alleging that Chance, upon their marriage, took possession and control of all the property owned by her at the time of the marriage, and all the property held by her as guardian of George M. Gordon, and managed it as her agent until his death; that he never accounted for the income or use of the same; that his liability consisted of specific items set forth in the account attached as an exhibit, arising from the interest, income and rental of the land and the use thereof, and the use of the horses, mules, wagons, etc. Some of the items of the account had run for more than six years; others for a less period. The present action was brought against the children Chance had at the time of his marriage with her, and against her three children born after her marriage with Chance. She prayed for the appointment of an auditor to investigate and report as to all matters of account; for a final accounting with her individually and as guardian and administratrix, and with the defendants as heirs-at-law; and for a decree that she, as administratrix, pay herself what was due her as an individual and as guardian, out of this estate. She prayed also for final distribution of the estate, and

for general relief. Guardians *ad litem* were appointed
for the minor children. The guardian of Chance's
children by the former wife answered the petition, and
denied that the estate was indebted to the petitioner as
alleged, and asserted that she did not attempt to ac-
count for money received by her from Chance in his
lifetime, and that she allowed his estate no credit for
any expenditure, repairs, taxes or insurance in property
claimed to have belonged to her and to have been used
by Chance ; that in managing the lands Chance acted
as her agent and manager, and that the proceeds there-
from were used for the maintenance of her and her
children and the carrying on of farming operations, and
that his disbursements absorbed the income arising
from the property ; that most of the charges stated in
the account attached to the petition were not due by
the estate ; that the income claimed to have been pro-
duced was in excess of the net profits resulting from its
management ; that sums claimed to be due the estate of
the minor George M. were not correct, because Chance
from his marriage to his death had the care and main-
tenance of this minor, with the expense of which he is
not credited ; that he was entitled to various large sums
paid out by him for his wife and her ward George M.,
and that many of the charges for the years 1880, 1881
and up to November 9th, 1882, were barred by the
statute of limitations. They also made a motion to dis-
miss the petition, on the ground that the court could
not render a judgment in the case, because the petitioner
was setting up a claim against the estate of which
she was administratrix and attempting to maintain
the suit by making the heirs of the estate its repre-
sentatives ; and because the petition did not set forth
a full description of the estate, so as to enable the court
to decree a full administration and distribution as
prayed for. This motion was overruled, and an auditor

was appointed. He made a report to the court, in which he found a certain amount due by the estate to the ward George M., and found against the petitioner on the ground that the burden was upon her to prove the amount of income or profits which had been made by her husband or agent, and that she had failed to do so. Both parties excepted to this report. The report of the auditor was confirmed as to its finding in regard to the ward George M., and disallowed as to the finding against the petitioner, and a new hearing ordered, and the court directed as follows:

" Upon the hearing each party shall be permitted to introduce such new and additional evidence as the law permits upon a rehearing, the opinion of the court being, and he so directs, that when a new hearing before the auditor takes place, upon proof of the occupancy of the property by Chance and ownership by the plaintiff, Elizabeth W. Chance, now Hammond, she has made out a *prima facie* case which would entitle her to recover in the absence of proof to the contrary, and the burden is removed from her to the defendants, who are required to sustain their plea that the legitimate disbursements absorbed the income arising from the. property."

Exceptions *pendente lite* were filed by the defendants to this ruling and to the ruling confirming the report as to George M. Gordon, which will be seen by reference to the official report. The auditor reheard the case, and following the instructions given by the court, reported that the estate was indebted to the petitioner for the sum of $2,142.42, with interest from November 9th, 1886. Exceptions were filed to the latter report also, by the defendants, and upon the hearing thereof by the court without a jury, the court sustained the report, with the exception of the amount found due by the estate, which amount was reduced to the sum of $1,840.92; and a general decree was entered up in the case. The defendants moved for a new trial, on the

several grounds set out in the motion, which was overruled, and they excepted.

1. We think the administratrix, Mrs. Chance (now Mrs. Hammond), had the right to file her petition against the children of her husband, Chance, for an accounting and settlement of the claims which she alleged the estate owed her as an individual and as guardian; and that the children, through their guardians *ad litem*, were proper parties defendant; and that upon this petition and the answers filed thereto, a legal judgment and decree could be entered and the estate in her hands as administratrix be administered thereunder. There was therefore no error in the refusal of the trial judge to dismiss her petition. Stickney *v.* Stickney, 131 U. S. Rep. 227.

2. One of the main questions argued before us for a reversal of the judgment of the court below was as to the instructions given by the court to the auditor when he sent the case back for a rehearing. It was argued by counsel for the plaintiff in error that the rule laid down in these instructions was wrong, and that it was incumbent upon the plaintiff in the court below not only to show the occupancy and use by the husband, but that she must go further and show the amount made by the husband in the use and occupation of her property; that the burden was upon her to prove that her husband and her agent not only occupied and used the property, but she must also show that he had made income and profits thereon, and had not accounted for the same. We do not fully agree with the rule laid down by the trial judge in his instructions to the auditor; nor do we concur with the views of the learned counsel for the plaintiff in error. The trial judge seems to have taken the view that the occupancy and use of the land created the relation of landlord and tenant between the husband and wife, and that proof of the oc-

cupation and use would throw the burden upon the defendants. Counsel for the plaintiff in error took the position that the husband was the agent of the wife, and therefore the burden was upon her not only to show use and occupation, but actually to show the profits therefrom. We do not think that where the husband takes possession of the wife's property, under such facts as are disclosed in this record, the relation of landlord and tenant is created between them. We think the true rule, under the facts of this case, was the one which seems to have been adopted by the auditor on the hearing before him. Where the wife has a separate estate, and the husband takes possession of it and manages it for her, he becomes her general agent, and as such is accountable to her for the income, profits or interest which he makes by the use of the property; and if he dies before making a settlement with his wife, she is entitled to recover from his estate by proving that he had possession of the property, and by proving what the property was worth for rent, or what the interest and income would be in case it was money; and this is especially so where it appears, as it does in this case, that the agent kept no books and made no report to his principal before his death. We therefore think the auditor was right when he allowed testimony from the tenants tending to show that they rented the wife's land from the husband in certain years, and that they agreed to pay so much cotton for the rent, and what the cotton was worth; and it was also proper for him to allow other tenants to testify that they rented the wife's land from the husband and paid him so much money for rent for a year; and he was right in allowing her to prove what certain of the lands were worth for rent, there being some degree of presumption that the agent could make what the lands were worth for rent. The husband and agent having

kept no books and having made no account of his act-
ings and doing to his wife before he died, it was per-
haps the only way that the auditor could arrive at an
approximation of the liability of the husband. When
the wife or principal shows this, the agent can relieve
himself by showing either that he had accounted with
his principal, or that he had properly disbursed the
fund, or that no income or profits were made, or that
the expenses exceeded the income.

3. The next ground insisted on before us for reversal
of the judgment of the court below was the statute of
limitations. The trial judge ruled that certain accounts
which ran for more than six years were not barred by
the statute of limitations. We think there was no error
in this ruling. Under the facts of the case, the husband
seems to have been a continuous general agent, the
manager of this individual property of his wife and the
property belonging to her ward. The record shows
that he took possession as the general agent of his wife
at the time of his marriage with her, and that he man-
aged it for her from that time up to his death without
ever accounting to her in any way for his management.
He thus occupied a fiduciary relation to his wife, his
principal, and " wherever a fiduciary relation exists be-
tween a principal and his agent, the statute of limita-
tions does not apply in favor of the latter, and in an
action for an account for the principal, the agent can-
not set up the statute as a bar." Evans Prin. &
Agt. 293 (text-book series, 308); see also Wood Limi-
tations, 286.

4. The auditor, in his first report finding in favor of
the ward of the petitioner, failed to deduct the expenses
of the ward during the lifetime of Chance, from the
amount he found against Chance's estate; and this was
excepted to, the defendants claiming in their exception
that a reasonable credit should have been allowed the

estate for the support of George M. during the time he lived with and was supported by Chance. This exception was overruled by the court. The auditor reported that he found from the evidence that Chance did not intend to make any charge against George M. for his maintenance while he was a member of his family. If Chance did not intend to charge him for his maintenance, these defendants cannot now insist upon such a charge, because they stand in their father's place, and as no evidence was introduced by them showing a contrary intention, and this report of the auditor being *prima facie* true, the judge was right in overruling the exception.

5. One of the grounds of the motion for a new trial is that the finding of the judge was contrary to the evidence upon the exceptions of fact filed. We have carefully read the evidence sent up in the record, and think it is sufficient to sustain the finding of the judge as a jury upon all the exceptions, but one in relation to the Allen place. It seems from the evidence that Chance sold a house and lot in the town of Waynesboro known as the Attaway place, for about $3,000, and invested the money arising from that sale in the Allen place, in December, 1883, and agreed to pay his wife an amount of rent for the Allen place which would equal eight per cent. upon the investment. He died in 1886. The auditor in his report charges his estate with three years rent of this place at $240 per year, amounting in the aggregate to $720. It seems from the record that certain cotton was raised upon this Allen place in 1886, the year that Chance died, and that Reese, the temporary administrator, charged himself with the proceeds of the sale of that cotton, and that when Mrs. Chance was appointed permanent administratrix, Reese turned over this money to her as belonging to the estate, and that she receipted him for it as administratrix. When she

made her first return to the ordinary, she charged herself with the amount of money which she received from Reese, the temporary administrator, " less error, $1,150, cotton sales of George R. Sibley & Co., belonging individually to Mrs. Chance and improperly charged as belonging to the estate of A. Chance." It appears probable from this return that she got the proceeds of the sale of the cotton for the year her husband died (1886). If that be true, we think that Chance's estate should not have been charged with the rent of the Allen place for the year 1886. And if we are right in these views, it follows that the judgment and decree are too much by $240. We therefore affirm the judgment of the court below, but direct the trial judge to investigate this matter, and if he finds that we are correct, to write off the sum of $240 from the decree. If, however, he finds that we are mistaken as to the receipt of the proceeds of the cotton from the Allen place for the year 1886, the decree must be allowed to stand.

*Judgment affirmed, with direction.*