## BURT v. KUHNEN.

1. Land bought by a husband for his wife and paid for with her money is equitably her property ; and though he takes the legal title to the same, it can not, as against a claim by her, be lawfully subjected to the satisfaction of a judgment against him, if, at the time of the creation of the debt on which the judgment is founded, credit was not given to the husband on the faith of his apparent ownership of such land.
2. The evidence in the present case demanded the verdict which the court directed, and no sufficient cause for setting it aside appears.

Argued June 20,—Decided July 23, 1901.

Levy and claim. Before Judge Estes. Habersham superior court. October 8, 1900.

*J. C. Edwards, J. D. Kilpatrick,* and *M. T. Perkins,* for plaintiff. *Hubert Estes* and *Robert McMillan,* contra.

LUMPKIN, P. J.　On the 24th of August, 1895, W. H. Burt obtained a judgment against N. Kuhnen. Subsequently an execution based thereon was levied on a tract of land as the property of the latter. A claim thereto was interposed by Mrs. Kuhnen. By way of amendment to her claim affidavit, she alleged that she had an equitable title to the land levied on, as it " was bought and paid for with money belonging to" her, and " by mistake and inadvertence the deed to same was made to N. Kuhnen, when it should have been made to claimant." At the conclusion of the evidence introduced at the trial of the issue thus made, the court directed the jury to return a verdict in her favor. Burt filed a motion for a new trial, which was overruled. The complaint urged here is that the trial court erred in not sustaining the same.

1. The claimant was permitted to introduce evidence tending to support her contention that, as alleged, the land in controversy was purchased with money belonging exclusively to her. Objection was made to this evidence, on the ground that the claimant thereby sought " to set up a secret equity " in fraud of plaintiff's rights in the premises. There was no merit in this objection. As has been seen, Burt obtained his judgment in August, 1895, and there was no pretense on his part that he extended credit on the faith of Kuhnen's apparent title to the land levied on. In point of fact, the latter did not get a deed thereto until 1897, when he finished paying for the property, though he " bought it in 1886, and paid

one hundred dollars down." It does not appear that he was in possession of this property at the time credit was extended to him, or at any other time prior to 1897. Nor was it shown that Kuhnen ever made any representations to Burt concerning the ownership of the land, either before or after credit was extended, or that the latter did not have actual knowledge all along of Mrs. Kuhnen's equitable claim. Unless Burt was misled into extending credit on the faith of her husband's apparent ownership of the land, he had no right to subject it to the payment of his judgment against Kuhnen. See *Gray* v. *Perry*, 51 *Ga.* 181; *Zimmer* v. *Dansby*, 56 *Ga.* 79, 82; *Kennedy* v. *Lee*, 72 *Ga.* 39, 42; *Bell* v. *Stewart*, 98 *Ga.* 669.

2. As the claimant fully established by evidence her equitable title to the property in dispute, and as the plaintiff in execution introduced no evidence whatever on the subject, it follows that the trial judge very properly directed the jury to return a verdict finding the property not subject. This being so, it is unnecessary for us to notice any of the assignments of error in the motion for a new trial, not covered by what is said above, further than to remark that they obviously relate to rulings which, whether erroneous or not, were not of sufficient materiality to affect the result.

*Judgment affirmed. All the Justices concurring.*