## BARBER *v.* BARBER, executor, and *vice versa.*

1. Whenever a husband acquires the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him.

2. As long as the husband is in possession of the property, using it for the wife's benefit and recognizing her ownership, no lapse of time will bar the wife from asserting her title or calling the husband to an accounting.

3. The statute of limitation does not run against the right of the wife to call for an accounting, until there has been an account rendered, accompanied by an offer to settle, a refusal upon demand to settle, a notice of adverse claim, an express repudiation of the fiduciary relation, such a change of circumstances of the parties as would be reasonably calculated to put the wife on notice that the relation was no longer recognized, or something' to indicate to a reasonably prudent person that the relation has ceased.

4. A surrender by the husband of a portion of the property of the wife which had been received by him, being all that was then in his possession, a failure to account for the balance, and an abandonment of all further control or management of the property, would be sufficient to indicate that the husband treated the fiduciary relation as at an end; and the statute would begin to run in his favor after the lapse of a reasonable time from such an event.

5. There was no error in disallowing the exceptions of fact which were filed by the plaintiff to the auditor's report, nor in overruling the ex-

ceptions of law, nor in making the report of the auditor the judgment of the court.

Argued March 2,—Decided March 28, 1906.

Exceptions to auditor's report. Before Judge Littlejohn. Dooly superior court. June 30, 1905.

Mrs. Sallie Barber brought suit against the executor of her husband, alleging that he was indebted to her in the sum of $6,350, besides interest from March 30, 1869, such indebtedness being claimed to have arisen from a trust relation brought about by his having the control and management of her estate during life. The defendant in his answer denied the existence of the debt, and pleaded the statute of limitations. The case was referred to an auditor, who reported that the husband was indebted to the wife in the sum of $9,482, but that the debt was barred by the statute of limitations. The plaintiff and the defendant each filed exceptions, both of law and of fact, to the report. The judge disallowed all the exceptions of fact, overruled all the exceptions of law, and made the auditor's report the judgment of the court. The plaintiff excepted to the different rulings adverse to her; and, by cross-bill, the defendant assigned error on different rulings made during the progress of the case which were adverse to him.

*S. A. Crump* and *Whipple & McKenzie,* for plaintiff.

*Pope & Bennet,* for defendant.

COBB, P. J. (After stating the foregoing facts.) Edward Barber, in 1863, married a widow who was the mother of two small children and the owner of a small farm and of one mule, one wagon, fifty head of cattle, and other personal property. He immediately took possession of the property, and managed and controlled the same for his wife until 1884. The farm was worth fifty dollars per annum for rent. The cattle and other property were used by him according to his own discretion, and practically in the same manner as one would use his own property. No account was ever rendered by him to his wife, and none was ever called for. In 1884 he delivered up to his wife possession of the farm and the cattle then remaining. This suit was brought in 1901, after the death of the husband.

There can be no question that from 1869 to 1884 the husband was, in relation to the wife's property in his possession, a trustee for her. *Oliver* v. *Hammond,* 85 *Ga.* 323, 331; *Teasley* v. *Bradley,*

110 *Ga.* 497; *Rucker* v. *Maddox,* 114 *Ga.* 899. Did the relation continue until his death? We think not. The surrender of the land and the remaining personalty, in 1884, was sufficient to indicate to any prudent person that he considered the trust relation at an end; and his failure within a reasonable time thereafter to account for the income from all the property, and the proceeds of that not surrendered, was notice to the wife that he did not consider himself further liable to her. It may be that he had used the income, and the proceeds of that unaccounted for, for the maintenance and education of the wife's children, or in other ways that would make the expenditures a charge against the wife's separate estate. But even conceding that he had converted it all to his own use, the surrender of what was left, without any offer to account for that not surrendered, and the complete abandonment of all control over her property was a loud-sounding notice to her, in effect saying, "I consider myself under no further liability to you on account of your property which I have been managing." She failed to heed this notice at her peril. It is not necessary to determine exactly what would be a reasonable time after this surrender from which the statute would begin to run; for under any circumstances the suit would be barred after the lapse of sixteen years from the time of surrender.

The judge did not err in overruling the plaintiff's exceptions of law, nor in entering judgment for the defendants on the basis of the auditor's report. The case was an equity case, and the exceptions of fact filed by plaintiff were properly disallowed, under the ruling in *First State Bank* v. *Avera,* 123 *Ga.* 598.

*Judgment on main bill affirmed; cross-bill dismissed. All the Justices concur.*