# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1920

---

### HAWKINS *et al. v.* HAWKINS *et al.*

1. Where a husband purchases property at the request and direction of his wife, as a home for her, with money which is her separate estate, and takes the title in his own name, but recognizes, until his death, the property so purchased as that of his wife, he will be deemed to have held it in trust for her, in the absence of direct evidence showing that the wife intended to make a gift or lend the money to the husband.
2. Where, during the lifetime of the wife, the husband sells a portion of the property so purchased, and expends the proceeds of the sale in improvements on the remaining portion, he will be deemed to have expended the money in improvements on the trust estate as such, and not as asserting a claim adverse to his cestui que trust.
3. On the death of the wife intestate, before that of the husband, her property descends to the husband and her children as her heirs at law, as tenants in common; and where the father marries again, and subsequently dies leaving a will by which the property is devised to the second wife to the exclusion of the children of the first wife, these children can maintain an action to recover their interest in the property in the adverse possession of their stepmother.
4. The plaintiffs' allegations did not present a stale demand, and they are not barred of recovery for that reason.
5. The petition set out a cause of action, and the court did not err in overruling the demurrer.

No. 1550.    MARCH 10, 1920.

Equitable petition.    Before Judge Littlejohn.    Sumter superior court.    June 30, 1919.

Eugene A. Hawkins and certain of his brothers and sisters filed a petition against Mrs. William R. Hawkins individually and as executrix of E. A. Hawkins, deceased, and against Mrs. Welborn Clarke as tenant in possession, praying that it be ascertained and adjudi-

cated that the title to a certain house and lot is in the plaintiffs; that they recover the premises, except a certain interest admitted to be in Mrs. William R. Hawkins; that they have judgment against Mrs. Hawkins for their respective interests in the rents, issues, and profits, as the same may appear to be due, and, inasmuch as the property is incapable of division in kind, that it be sold and the proceeds be divided between the plaintiffs and Mrs. Hawkins, as their respective interests appear. The petition alleges substantially as follows: The plaintiffs are the children of E. A. Hawkins and Mrs. Mary Ann McCleskey Hawkins, both deceased. Mrs. Mary Ann McCleskey Hawkins died intestate on December 14, 1910, leaving no debts. There has been no administration on her estate, and the plaintiffs are all her heirs at law. On February 5, 1913, E. A. Hawkins was married to Mrs. William R. Hawkins, one of the defendants. On November 5, 1917, E. A. Hawkins died, leaving a will in which Mrs. William R. Hawkins was named as executrix. The will has been duly probated in the court of ordinary and by its terms the house and lot in controversy, situated in the city of Americus, was devised to Mrs. William R. Hawkins. About January 15, 1882, Mrs. Mary Ann McCleskey Hawkins inherited the sum of $3,161.33. The money was collected for her by E. A. Hawkins, and at her instance and request it was by him invested in the house and lot just mentioned; but he took a deed to the property in his own name instead of in his wife's name. She was a loving and trusting wife, and never had any business training, and knew nothing about business affairs; while E. A. Hawkins was a lawyer and skilled in the management of business affairs, by reason of which, and with the full confidence that his wife had in him, she entrusted the management of her separate estate entirely to him. No other instruction or limitation was given to him than that he buy and provide for her a home with the money she had so inherited. This was done, and he and his wife occupied the house and lot as their home for the remainder of her life. During all this time E. A. Hawkins recognized and referred to the home as her property. At no time up to her death did he ever repudiate the trust so resulting, nor did he ever give notice to her of any individual, personal claim to the house and lot in himself, but he ratified the existence of said trust relation so created with reference to the property. By reason of the facts set out, a trust in him

resulted, and he held the property in law, equity, and good conscience as the trustee of his wife, and so held it at the time of her death; and by reason of this relation, at the time of her death the plaintiffs, her children, and their father, E. A. Hawkins, became tenants in common of the property. After the death of their mother, their father and some of the plaintiffs continued to occupy the premises without any change with reference to the property, until the time of their father's death. Upon his marriage to Mrs. William R. Hawkins, they, together with some of the plaintiffs, continued to reside on the property to the date of his death. On May 9, 1916, plaintiffs' father executed a will devising the property to Mrs. William R. Hawkins. The plaintiffs knew nothing of this bequest until the day succeeding the death of their father, when his will was read. This was the first notice of any claim that their father did not hold the property under the relation of trustee of plaintiffs' mother. He had always previously referred to it as her home. Prior to the execution of his will, E. A. Hawkins had been weakened physically and mentally by disease. Mrs. William R. Hawkins was ever kind and attentive to him, except on questions affecting plaintiffs, when she was extremely unkind, and at times abusive, when this was necessary to prevent a reconciliation with his children. This was done designedly on her part (as plaintiffs are advised and charge), in order to procure the execution of the will and to prevent the plaintiffs from being more substantially provided for therein. E. A. Hawkins was a man of high sense of honor, and was influenced by the defendant to repudiate his trust; and he did so to effect his peace of mind and continued domestic harmony that became more necessary to him by reason of his weakened condition from disease, and of the ideal domestic conditions that had always existed, and that he had become accustomed to, between him and the plaintiffs' mother.

Mrs. William R. Hawkins individually and as executrix filed a demurrer to the petition, which was overruled; and the defendants excepted.

*Jule Felton, Wallis & Fort,* and *Little, Powell, Smith & Goldstein,* for plaintiffs in error.

*Hixon & Pace, Shipp & Sheppard,* and *W. W. Dykes,* contra.

HILL, J. (After stating the foregoing facts.)

1. The Civil Code (1910), § 3739, provides that "Trusts are

implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." According to the allegations of the petition in this case, the property in controversy was purchased by the plaintiffs' father with money which had been inherited by his wife, their mother, and under her direction the money was invested in the property in controversy; but instead of having the deed executed in the name of his wife, he took a deed in his own name. It is alleged that from that time until the date of his death E. A. Hawkins, in whose name the legal title was, recognized the property as that of his wife. Under these circumstances, which are set out more in detail in the statement of facts, we think that a trust is implied, and that the husband as trustee held the property for his wife, the cestui que trust, and so held it at the time of her death, when he and her children became by inheritance tenants in common of the property. In the case of *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017), it was held that "Whenever a husband acquires the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him." There is nothing in the petition to indicate that the wife intended the money as a gift or loan to her husband, but on the contrary it is alleged that it was to be invested in a home for the wife, and that the husband recognized the property as that of his wife as long as he lived. On demurrer these allegations must be taken to be true, and if they be true, then they negative the idea of a gift or loan of the money to the husband. It was also held in the *Barber* case, supra: "As long as the husband is in possession of the property, using it for the wife's benefit and recognizing her ownership, no lapse of time will bar the wife from asserting her title or calling the husband to an accounting." See also, to the same effect, *Jenkins* v. *Georgia Investment Co.,* 149 *Ga.* 475 (100 S. E. 635). This, we think, is an answer to the contention that the present suit is a stale demand, having been brought thirty-six years after the father acquired title to the property in 1882. See also *Brooks* v. *Fowler,* 82 *Ga.* 329 (9 S. E. 1089); *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 365); *Burt* v. *Kuhnen,* 113 *Ga.* 1143 (39 S. E. 414); *Guinn* v. *Truitt,* 148 *Ga.* 112 (95 S. E. 968). But it is insisted that the

father, during the lifetime of plaintiffs' mother, sold off a part of the property purchased with the mother's money, thereby asserting his individual claim to the property adversely to that of his wife. The reply to this is that the allegations of the petition are to the effect that the proceeds of the sale of the property by the husband in the instant case were. devoted, at least in part, to improving the wife's property; and therefore, under the allegations, whatever was done in this regard will be considered as having been done by the husband as trustee for the benefit of the trust estate, nothing appearing to the contrary. A case similar in its facts to the one now under review was recently decided by this court in accordance · with the ruling here made. *McDowell* v. *Donalson,* 149 *Ga.* 600 (101 S. E. 578).

From what has been said we reach the conclusion that the petition set forth a cause of action, which was not barred, and the court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*