HERMANN *et al.* v. MOBLEY, superintendent of banks.

HILL, J. 1. Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity. Civil Code (1910), § 5495. An exception to the general rule is where an insolvent debtor is fraudulently transferring his property to one in complicity with him, who is disposing of the property, or where property is obtained by fraudulent representations. *Albany Steel Co.* v. *Agricultural Works,* ·76 *Ga.* 135, 169 (3) (2 Am. St. R. 26) ; *Cohen* v. *Morris,* 70 *Ga.* 313.

2. Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action. Civil Code (1910), § 5419; *Knox* v. *Reese,* 149 *Ga.* 379, 381 (109 S. E. 371).

3. There is no misjoinder of parties or of causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S, E. 97) ; *Greer* v, *Andrews,* 133 *Ga.* 193, 195 (65

S. E. 416); *Blaisdell* v. *Bohr*, 68 *Ga.* 56; *Crandall* v. *Shepard*, 166 *Ga.* 396 (143 S. E. 587).

4. In injunction cases all parties interested in sustaining the judgment, and whose rights and interests are sought to be affected, are necessary parties defendant. *Wells* v. *Rountree*, 117 *Ga.* 839 (45 S. E. 215).

5. "A bill is not multifarious because all of the defendants are not interested in all the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." "All persons who are directly or consequentially interested in the event of the suit are properly made parties to a bill in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case." *Blaisdell* v. *Bohr*, 68 *Ga.* 56.

6. Where an equitable petition is brought to set aside a conveyance on the ground of fraud, or for other reason, the grantee in the conveyance is a necessary party. *Taylor* v. *Colley*, 138 *Ga.* 41 (74 S. E. 694); *Hines* v. *Wilson*, 164 *Ga.* 888 (3, 4) (139 S. E. 802); *Fordham* v. *Duggan*, 147 *Ga.* 610 (2) (95 S. E. 3); *Zeigler* v. *Arnett*, 142 *Ga.* 487 (83 S. E. 112).

7. Applying the foregoing rulings to the facts of this case, the court below did not err in overruling the demurrer on the grounds that the plaintiff had no lien, and that there was a misjoinder of causes of action and of parties, or for any other reason alleged. Nor was it error, under the facts of the case, to appoint a receiver and grant the interlocutory injunction. *Sessions* v. *Bennett*, 155 *Ga.* 193 (116 S. E. 300).

*Judgment affirmed. All the Justices concur.*

No. 7889. FEBRUARY 25, 1931.

*Thomas W. Hardwick* and *W. S. Mann,* for plaintiffs in error. *S. P. New,* contra.