YOUNG *et al. v.* WILSON *et al.*

No. 11083.   JULY 3, 1936.   ADHERED TO ON REHEARING, JULY 24, 1936.

62

J. O. *Gibson, Jule Fellon,* and *Jule W. Fellon,* for plaintiffs in error.

A. A. *Marshall, Branch & Howard,* and B. F. *Neal,* contra.

BELL, Justice.   (After stating the foregoing facts.)

In *Oliver* v. *Hammond,* 85 *Ga.* 323 (2) (11 S. E. 655), it was held: "A husband who takes possession of his wife's separate estate and manages it for her becomes her general agent, and as such is accountable to her for the income, profits or interest which he makes by its use; and if he die before making a settlement with her, she is entitled to recover from his estate by proving that he

had possession of the property, what it was worth for rent, and what the interest and income would be in case it was money; especially where the agent kept no books and made no report to his principal." Under that decision, the present petition stated a cause of action as against the administrator. *Hawkins* v. *Hawkins,* 150 *Ga.* 61 (102 S. E. 431). As to the other defendants, the petition alleged that all of the conveyances and transfers were made without consideration and with the intention on the part of the grantor, the plaintiff's husband, to defraud her as a creditor. The petition further alleged that all of these transactions were consummated in pursuance of a conspiracy between the grantor and such defendants respectively, for the purpose of concealing the assets of the grantor from his creditors and placing them beyond the reach of his creditors, including the plaintiff. While the petition did not pray in express terms for the relief of cancellation, it did allege in effect that all of the property so conveyed or transferred should in equity be considered as a part of the estate of the deceased grantor, subject to the payment of his debts; and a decree to that effect was prayed. The petition further averred that all of the defendants, including the estate of the grantor, were insolvent, and that the plaintiff did not have an adequate remedy at law. "A voluntary deed by an insolvent grantor is void as against existing creditors. Such a deed is likewise void as to creditors, though the grantor be not insolvent at the time of making the deed, if his purpose in so doing is to hinder, delay, or defraud creditors. *Ernest* v. *Merritt,* 107 *Ga.* 61 (32 S. E. 898). It is a principle well settled in equitable jurisprudence that a grantee who fraudulently accepts a conveyance of land for the purpose of enabling a grantor to defeat his creditors takes the land as the trustee of the creditors. A grantor can not, by the mere change of the character of the property, change the equities of the parties. The property in the hands of the fraudulent grantee is held by him in trust for the creditors of his fraudulent grantor; and if the property be converted into money, the money is impressed with the same trust, and the fraudulent grantee will be compelled in equity to account for the same." *Beasley* v. *Smith,* 144 *Ga.* 377 (3), 380 (87 S. E. 293). Compare *May* v. *Leverett,* 167 *Ga.* 205 (144 S. E. 778). A creditor may in the same action bring a suit to recover upon a debt and to subject property which has been fraudulently conveyed,

a previous judgment for the debt not being a condition precedent to such action against the fraudulent grantees. *Booth* v. *Mohr*, 122 *Ga.* 333 (50 S. E. 173) ; *Spinks* v. *LaGrange Banking & Trust Co.*, 160 *Ga.* 705 (129 S. E. 31) ; *Hines* v. *Wilson*, 164 *Ga.* 888 (3) (139 S. E. 802). Nor in such case is a prayer for cancellation necessary. *Coleman & Burden Co.* v. *Rice*, 115 *Ga.* 510 (2) (42 S. E. 5) ; *Miller* v. *Jennings*, 168 *Ga.* 101 (6) (147 S. E. 32) ; Dorrington *v.* Jacobs, 213 Wis. 521 (252 N. W. 307, 91 A. L. R. 737, 741) ; 27 C. J. 702, § 539.

Under the facts alleged, the petition was sufficient to state a cause of action for at least a part of the relief prayed for against each defendant; and in such case a general demurrer should be overruled. *Hines* v. *Wilson*, supra.

■ (*a*) The allegations to the effect that E. J. Wilson managed and controlled the plaintiff's farm, acting as her general agent, were demurred to specially upon the ground that they were mere conclusions of the pleader; and the allegations as to the accountability of the administrator for the rents and profits alleged to have been received by the intestate were attacked by the demurrer for similar reasons. These averments were not subject to the criticisms lodged against them, and the grounds of special demurrer were properly overruled. *Harris* v. *Lumpkin*, 136 *Ga.* 47(5) (70 S. E. 869) ; *Hall* v. *Wingate*, 159 *Ga.* 630 (126 S. E. 796) ; *Bond* v. *Harrison*, 179 *Ga.* 490 (176 S. E. 374).

(*b*) Several grounds of the demurrer assailed the petition upon the ground that the suit was an attempt on the part of the plaintiff to recover personalty the title to which was in the estate of E. J. Wilson, and that the cause of action, if any, for the recovery of such property was in Wilson's administrator, and not in the plaintiff. There was no merit in these demurrers. The plaintiff did not sue to recover any of the property alleged to have been conveyed or transferred to Mrs. Young or W. E. Young, but as to such property the gravamen of the action was to obtain a decree that the property was in equity to be treated as still belonging to Wilson's estate, so far as creditors were concerned; and under the allegations the plaintiff, and not the administrator, was the proper person to sue. *Boswell* v. *Boswell*, 147 *Ga.* 734 (2) (95 S. E. 247).

(*c*) There is no merit in the contention that the suit was improperly brought in Macon County. The administrator resided in

that county, and the petition stated a cause of action for an equitable accounting and for judgment against him. In such case it was permissible to bring the suit in the county where the administrator resided, and to join as defendants in the same action the alleged fraudulent grantees who resided in Colquitt County. *Fourth National Bank of Columbus* v. *Mooty,* 143 *Ga.* 137 (84 S. E. 546).

(*d*) One ground of the demurrer was addressed to the petition as a whole, because as to the demurrants the alleged causes of action were barred by the statute of limitations. In another ground, which in like manner assailed the petition in its entirety, it was contended that the claims asserted by the plaintiff as against the demurrants were barred by laches. The petition did not show upon its face that it was barred, either by the statute of limitations or by laches, as to all of the relief sought; and for this reason alone, if not for others, the court did not err in overruling these grounds. *Greer* v. *Jackson,* 146 *Ga.* 376 (91 S. E. 417); *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333); *Sikes* v. *Hurt,* 18 *Ga. App.* 197 (2) (89 S. E. 181).

(*e*) In several grounds of the demurrer it was objected that the petition did not allege with sufficient certainty that either Mrs. Young or W. E. Young had any knowledge of the alleged intention of Wilson to defraud the plaintiff as a creditor. There was no merit in this contention. The allegations as to conspiracy necessarily included the element of knowledge on the part of these defendants; and furthermore, if the purpose of Wilson was to hinder or defraud the plaintiff as a creditor, and if the deeds and transfers were voluntary as alleged in the petition, the transactions would be void as against the plaintiff, regardless of whether these defendants knew of such fraudulent intention on the part of the grantor. *Ernest* v. *Merritt,* supra.

(*f*) There was no misjoinder of parties or causes of action, as insisted by the demurrer. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Hines* v. *Wilson,* supra.

In one ground of the demurrer it was urged that the petition is inconsistent and contradictory because it seeks an accounting of the administrator, which the administrator should resist if in the interest of truth he can do so, and at the same time prays for a recovery of property for the estate from which the administrator would be entitled to commissions. It is thus contended that the

petition places the administrator in such position that his own personal interests are directly opposed to the interests of the estate which he is supposed to represent, and for this reason it is insisted that there is a misjoinder of parties defendant. "Where a debtor, to defraud his creditors, conveys his property to another, his administrator can not maintain an equitable action against such grantee to recover the property for the purpose of paying the creditors of the decedent." *Boswell* v. *Boswell,* supra. Since the administrator himself could not have maintained the action, neither he nor the estate which he represents could profit by it if the plaintiff should prevail. The plaintiff is seeking a recovery, as she must do, solely for the benefit of creditors; and if any property should be decreed to be the property of the estate, it should be administered by a receiver as prayed by the plaintiff, and not by the defendant administrator. Stierlin *v.* Teschemacher, 333 Mo. 1208 (64 S. W. (2d) 647, 91 A. L. R. 121). The allegation that the defendant declined and refused to bring the suit was irrelevant and may be treated as surplusage, because on legal principles no such action could have been brought by the administrator.

(*g*) The allegations as to conspiracy were not subject to special demurrer as being mere conclusions of the pleader. *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (2, *a*) (99 S. E. 123).

(*h*) In considering the validity of particular transactions under the evidence, it may become material to determine whether the grantor was insolvent at the times, but the allegations as to the insolvency of E. J. Wilson were not subject to special demurrer upon the ground that it was not alleged "with reference to any particular time or times" that he was insolvent. Construing the petition most strongly against the plaintiff, it is to be taken as alleging merely that E. J. Wilson was insolvent at the time of his death, and that his estate was insolvent at the time the suit was filed.

(*i*) The petition having alleged fraud, conspiracy, and insolvency with reference to all defendants, the prayers for injunction and receivership were not subject to demurrer upon the ground that the facts alleged did not authorize the grant of such relief. *Wolfe* v. *Claflin,* 81 *Ga.* 64 (6 S. E. 599) ; *Stillwell* v. *Savannah Grocery Co.,* 88 *Ga.* 100, 144 (13 S. E. 963) ; *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38).

The grounds of special demurrer not referred to above were without merit, and none of them raised questions of such importance as to require comment in this opinion. The court did not err in overruling the demurrer upon all grounds.

■ We are of the opinion, however, that the plaintiff failed on at least one vital issue, regardless of others, to sustain the allegations of the petition by proof, and therefore that the court erred in granting an injunction and appointing a receiver. We refer to the allegations that the intestate, in managing and controlling the plaintiff's farm and collecting the rents and profits therefrom, acted as the plaintiff's agent. The evidence was sufficient to show that he managed and controlled the farm and collected the rents and profits as alleged, but there was absolutely no evidence to show that he was acting or assuming to act as the agent of his wife, in the conduct of such business. In *Wagner* v. *Robinson, 56 Ga.* 47, it was held that a married woman's property is not liable for the wages of an overseer hired by her husband to superintend her plantations, where there is no evidence that the credit was not given to the husband personally, or that he was not farming the plantations on his own account, or that he acted as his wife's trustee, or that she received the crops, or was otherwise benefited by the services rendered. In the opinion delivered by Judge Bleckley, it was said: "The evidence made no case whatever against Mrs. Vigal or her property. . . The plaintiff hired himself to Vigal, and he must look to Vigal or his estate for compensation. . . When a husband farms upon his wife's land, it does not follow that he is her trustee or her agent, or that he is conducting farming operations for her. These facts, if true, are to be proved and not guessed at. The ownership of land is one thing, and farming or planting another. What the husband does, is to be presumed to be done for himself and on his own account, whether he uses his wife's land or that of some other owner." In *Jones* v. *Harrell,* 110 *Ga.* 373 (3) (35 S. E. 690), a wife was sued on a draft signed by her husband purportedly as her agent to raise money needed in his cultivation of a farm belonging to the wife. Pending the trial the court was duly requested in writing to charge the jury that the fact that a husband cultivates his wife's land does not raise a presumption of law or of fact that he is her agent. It was held by this court that the requested charge was proper and should have

been given. See also *Pioneer Guano Co.* v. *Palmer,* 145 *Ga.* 323 (89 S. E. 218). Whether or not the evidence in the present case might have shown a liability of the husband for use and occupation (Code of 1933, § 61-103), or a liability upon some other theory, there was nothing to warrant a finding of indebtedness upon any such cause of action as the plaintiff alleged in her petition, and of course she could not rely upon a different cause of action.

It is insisted, however, that the evidence was sufficient to show a prima facie case of agency, and to cast the burden upon the administrator and the other defendants. This can not be true under the decisions just cited. Cases like *Dodge* v. *Hatchett,* 118 *Ga.* 883(2) (45 S. E. 667), *Lanier* v. *Huguley,* 91 *Ga.* 791 (18 S. E. 39), *Townsend* v. *Hague,* 43 *Ga. App.* 595 (159 S. E. 748), Wootton Land &c. Co. *v.* Owenbey, 265 Fed. 91, cited for the defendant in error, are not in point. The plaintiff had the burden of proving the agency as alleged in her petition; and in regard to burden of proof, these decisions merely hold that *after* agency is proved, and after it is further shown that the principal's money or property has gone into the hands of the agent, the burden is then shifted to the agent "to discharge himself by showing that no such agreement existed, or that the property was never delivered, or that he has fully accounted, or some other reason why he should not be held liable to the plaintiff." *Dodge* v. *Hatchelt,* supra. Clearly this principle does not support the contention that upon proof that the husband had possession of the wife's property and collected the income from it, the onus then goes to the defendants upon the issue of agency. The defendant in error further relies on the case of *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017), which on its facts was very similar to the case at bar, so far as the conduct of the husband with reference to the wife's property was concerned. But the opinion shows that it was based upon the theory that the husband managed and controlled the property "for his wife," whereas there was no evidence to this effect in the present record. Furthermore, the decision in that case turned upon the statute of limitations, it being held as a matter of law that the alleged cause of action was barred. It would seem therefore that the language of the opinion in reference to the other matters was obiter. But even if that case should be considered as sustaining the contention that the evidence in the instant case is sufficient to es-

tablish agency, or to show that the husband was acting *for* his wife, and not upon his own account, then the earlier unanimous decisions in *Wagner* v. *Robinson,* 56 *Ga.* 47, and *Jones* v. *Harrell,* 110 *Ga.* 373, as cited above, must be accepted as authority in preference to that decision, upon the question under consideration.

But the defendant in error has cited also, among others, the case of *Oliver* v. *Hammond,* 85 *Ga.* 323 (2) (11 S. E. 655), and has stressed the following portion of the decision in that case: "Where the wife has a separate estate, and the husband takes possession of it and manages it for her, he becomes her general agent, and as such is accountable to her for the income, profits or interest which he makes by the use of the property; and if he dies before making a settlement with his wife, she is entitled to recover from his estate by proving that he had possession of the property, and by proving what the property was worth for rent, or what the interest and income would be in case it was money; and this is especially so where it appears, as it does in this case, that the agent kept no books and made no report to his principal before his death." It will be seen from this excerpt, however, that this decision, like that in the *Barber* case, supra, was based upon the assumption that the husband managed and controlled the property *for his wife,* while in the present case the question of whether the husband was acting as agent for his wife was the very issue for determination. Under the pleadings, there was no issue as to agency in the *Oliver* case, the agency of the husband being alleged in the plaintiff's petition, and the answer having admitted such allegation. The question, therefore, as to what facts and circumstances would be sufficient to show agency was not involved. It thus appears that the decision in the *Oliver* case when considered with the facts is perfectly consistent both with the earlier decision in *Wagner* v. *Robinson,* supra, and with the later ruling in *Jones* v. *Harrell,* supra. We can not escape the conclusion that the two decisions last mentioned control the case at bar, so far as the question of agency is concerned, although it seems from certain authorities cited that a different view has been taken in some jurisdictions. Under these decisions, as applied to the evidence in this record, the plaintiff could not have been held *liable* for the acts of her husband on the theory of agency; and if not, how can the evidence be held sufficient when the mere position of the wife as a party has been changed, and she is seek-

ing to charge another? It seems too plain for argument that the evidence should be measured by the same rule in each of such cases.

Concluding, as we do, that the evidence did not show a liability upon the cause of action alleged in the petition, we do not deem it necessary to consider the other grounds which have been urged by the plaintiffs in error as cause for a reversal. The defendants, Mrs. Mattie Young and W. E. Young, pleaded that the action as to them was barred by limitation, and by laches. In reply, the plaintiff contends that a cause of action for cancellation or its equivalent against an alleged fraudulent grantee is not barred so long as the right of action upon the debt remains enforceable against such defenses. While we do not pass upon this contention at the present time, it may not be amiss to note that the authorities are apparently not in accord upon this question. See Amaker v. New, 33 S. C. 28 (11 S. E. 386, 8 L. R. A. 687); Wagner v. Law, 3 Wash. 500 (28 Pac. 1109, 29 Pac. 927, 15 L. R. A. 784, 28 Am. St. R. 56); Brasie v. Minneapolis Brewing Co., 87 Minn. 456 (92 N. W. 340, 67 L. R. A. 865, 94 Am. St. R. 709); Boro v. Hidell, 122 Tenn. 80 (120 S. W. 961, 135 Am. St. R. 857); Williams v. Commercial National Bank, 49 Or. 492 (90 Pac. 1012, 91 Pac. 443, 11 L. R. A. (N. S.) 857); Ziska v. Ziska, 20 Okla. 634 (95 Pac. 254, 23 L. R. A. (N. S.) 1); Lowell-Woodward Hardware Co. v. Davis, 105 Kan. 628 (185 Pac. 732, 17 A. L. R. 719); Eckert v. Wendel, 120 Tex. 618 (40 S. W. (2d) 796, 76 A. L. R. 855, 864); 12 R. C. L. 652; 27 C. J. 760. Seemingly the exact point has not been considered by this court, and in the state of the record no ruling thereon is required in the present decision.

For the reason stated above, the court erred in granting an injunction and in appointing a receiver.

*Judgment reversed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. I concur most heartily in the judgment of the majority as to the demurrer. I dissent from the ruling to the effect that the evidence adduced upon the interlocutory hearing was insufficient to authorize a finding that the husband in managing and controlling the farm of the plaintiff was acting as her agent for that purpose. While there was no direct evidence upon the question, yet from all the facts and circumstances and the relation of the plaintiff with her deceased husband

the evidence authorized the inference that he was acting as her agent.