ALLEN *v.* ALLEN *et al.*

No. 14623.  OCTOBER 7, 1943.  REHEARING DENIED NOVEMBER 12, 1943.

738

*Noah J. Stone* and *R. B. Pullen,* for plaintiff in error.

*Houston White, Augustus M. Roan,* and *L. E. Bobet,* contra.

WYATT, Justice. The petition is challenged by general demurrer on the grounds that (1) no cause of action is set forth either at law or in equity; (2) that if any cause of action is stated, it is barred by the statute of limitations; and (3) that it seeks to set out a cause of action upon an express trust in parol, and is therefore void.

■ The petition appears to have been cast in the mold of the cases of *Teasley* v. *Bradley,* and *Rucker* v. *Maddox,* cited above, and the rulings there made being controlling, a cause of action is stated.

■ Whenever a husband acquires possession of funds which are the separate property of his wife, for the purpose of investing, reinvesting and managing the same, subject to the wife's demand, and running from year to year, the husband is in a fiduciary relation to his wife and occupies towards her the position of a confidential and continuing agent; and the statute of limitations would not begin to run "against the right of the wife to call for an accounting, until there has been an account rendered, accompanied by an offer to settle, a refusal upon demand to settle, a notice of adverse claim, an express repudiation of the fiduciary relation, such

a change of circumstances of the parties as would be reasonably calculated to put the wife on notice that the relation was no longer recognized, or something to indicate to a reasonably prudent person that the relation has ceased." *Barber* v. *Barber,* 125 *Ga.* 226 (3) (53 S. E. 1017). See *Oliver* v. *Hammond,* 85 *Ga.* 323 (11 S. E. 655); *Teasley* v. *Bradley* and *Rucker* v. *Maddox,* supra; *Murphy* v. *Johnston,* 190 *Ga.* 23, 25 (8 S. E. 2d, 23). In the circumstances last referred to, the law would presume a demand after the lapse of a reasonable time, and from such time the statute would begin to run. *Teasley* v. *Bradley,* supra. Where, as in the instant case, such agency had continued from August 16, 1919, and June 11, 1920, being the dates on which the wife delivered to her husband her property (money) for the purposes aforesaid, and on November 1, 1935, the husband abandoned the wife without cause with the statement "that he was through with petitioner," and left her to reside alone, and on November 28, 1941, the wife made written demand upon the husband for the return of her original moneys or the proceeds and profits therefrom, and upon his refusal to comply with said demand suit was filed on November 29, 1941, for accounting, to trace funds, to impress a trust on certain stocks in a private corporation and choses in action held in the husband's name, and for other equitable relief, such suit was not barred by the statute of limitations by reason of the contention of the husband that such abandonment was a sufficient change in the circumstances of the parties as would reasonably be calculated to put the wife on notice that the husband no longer recognized the existence of the agency and fiduciary relation, that he ceased from that time to be her confidential and continuing agent, and that he was holding her property adversely; it being contended that the husband had held the same adversely for more than four years, and under the Code, § 85-1706, had obtained prescriptive title thereto. The plaintiff in error relies on *Barber* v. *Barber,* supra, as supporting the contention that the abandonment of the wife by the husband with the statement "that he was through with petitioner" was "such a change of circumstances of the parties as would be reasonably calculated to put the wife on notice that the relation was no longer recognized, or something to indicate to a reasonably prudent person that the relation has ceased." In the cited case the husband, after having been in possession of the

wife's property for twenty-one years without having rendered to her an account, delivered possession to his wife of the property then remaining in his hands, which as contended by the wife was less than what she was entitled to, according to her suit against the executor of her husband, which was filed sixteen years after the time the husband had made delivery of the property to his wife. The court held that such delivery of the remaining property in his hands and abandonment of all control of it was "a loud-sounding notice to her," in effect saying, "I consider myself under no further liability to you on account of your property which I have been managing," and that the wife failed at her peril to heed this notice. The court further stated that it was not necessary to determine exactly what would be a reasonable time after this surrender from which the statute would begin to run; for under any circumstances after the lapse of sixteen years from the time of surrender the suit would be barred. The mere fact of abandonment of the wife, without surrendering or accounting to her for the property or any part thereof, is not inconsistent with the continuation of the agency and fiduciary relation respecting the management of the wife's property; and especially is this true where no reference was made, either express or implied, that would indicate a repudiation of the agency, or notice of an adverse claim. In *Ewing* v. *Tanner*, 184 *Ga.* 773, 779 (193 S. E. 243), it was said: "The nature of the possession of personal property and that of realty, required to give title by prescription, is the same. *Blocker* v. *Boswell*, 109 *Ga.* 230, 237 (34 S. E. 289). In order for a possession to be the foundation of prescription, or to be adverse, it must meet all the requirements specified in [the Code] § 85-402. . . Among these requirements is that the possession must be accompanied by a claim of right. The term 'claim of right' is synonymous with 'claim of title' and 'claim of ownership.'" Citing 2 C. J. S. 571, § 55. In the absence of some expression or act on the part of the husband at the time of the abandonment, indicating a "claim of right" adverse to the wife with reference to the property held by him as her confidential continuing agent, it must be held that the husband's possession was the possession of the wife until her demand and his refusal for an accounting.

■ The petition was not subject to demurrer on the ground that it seeks to set out a cause of action upon an express trust in parol,

because of the husband's verbal agreement at the time of delivery of the funds to him by the wife to receive the money, to invest and reinvest same from time to time for the benefit of the wife, and to hold the proceeds and profits thereof subject to the wife's demand. Such a trust arising in these circumstances is not destroyed by an express verbal, and therefore unenforceable, agreement of the husband. The parol agreement cannot be enforced as an express trust, but equity will enforce the implied trust arising under such circumstances. It is also permissible to show the express agreement to rebut the inference of a gift by the wife. *Jackson* v. *Jackson,* 150 *Ga.* 544, 549 (104 S. E. 236) ; *McDonald* v. *Dabney,* 161 *Ga.* 711, 731 (132 S. E. 547) ; *Romano* v. *Finley,* 172 *Ga.* 366 (157 S. E. 669) ; *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878) ; *Guffin* v. *Kelly,* 191 *Ga.* 880, 886 (4 S. E. 2d, 50).

■ Ground 17 of the demurrer attacks the petition for multifariousness as attempting to allege four separate and distinct causes of action in the same count, viz., (a) for money had and received, (b) upon an express trust, (c) upon an implied trust, and (d) for an accounting between principal and agent. Although the petition contains an alternative prayer for the original sum of money delivered to the husband, plus interest, in the event the funds could not be traced, it does not necessarily follow that a cause of action for money had and received is stated. Such an alternative prayer is permissible. *Grant* v. *Hart,* 192 *Ga.* 153 (2*b*) (14 S. E. 2d, 860). "An allegation with respect to, or a prayer for, alternative relief or relief to which the plaintiff is not entitled, if based upon a consistent statement of a single 'set of facts' can not properly be made the subject-matter of a charge of 'duplicitous pleading.' " *Orr* v. *Cooledge,* 117 *Ga.* 195, 206 (43 S. E. 527). The prayer for an accounting was necessary and proper in connection with the tracing of funds and ascertaining profits. *Grant* v. *Hart,* supra, and cit. As pointed out above, no express trust is involved in the case. The cause of action is predicated upon the sole theory of an implied trust growing out of the relation of the husband as the confidential and continuing agent of petitioner. No other inconsistent theory or right is claimed, and the petition is not subject to criticism urged in this ground.

■ There is no misjoinder of parties, as contended in ground 16 of the demurrer. "Generally all persons interested in the litiga-

tion should be parties to the proceedings for equitable relief." Code, § 37-1004. "There is no misjoinder of parties or causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case." *Hermann* v. *Mobley,* 172 *Ga.* 380 (3) (158 S. E. 38), and cit. See also *Thornton* v. *Martin,* 116 *Ga.* 115 (42 S. E. 348) ; *Waters* v. *Waters,* 167 *Ga.* 389 (3) (145 S. E. 460) ; *Jackson* v. *Jackson,* 179 *Ga.* 696 (4) (177 S. E. 591). It was the petitioner's right to have the interests held in the name of her husband, on the books of Peoples Loan Inc., remain unchanged until such time as her alleged interest therein could be determined in a court of equity, and to do this it was necessary and proper to join Peoples Loan Inc. as a defendant in order to bring under the supervision of the court the property in which petitioner claimed an interest. If it should be found upon the trial of the case that title to the stock in question is in petitioner, the corporation is a necessary party, "in order that the plaintiff might get full relief and have the transfer made on the books of the company." *Thornton* v. *Martin,* supra.

■ Grounds 5, 6, 7, 9, 11, and 12 of the demurrer are special in character, attacking various paragraphs of the petition. The objections raised by this demurrer, when analyzed, complain that an attempt is made to plead an express trust without alleging in substance the terms and conditions thereof; that it does not appear whether the understanding between the petitioner and her husband was oral or in writing; that the allegations of the petition are contradictory and too vague and uncertain to show an implied trust; and that the petition fails to show when and in what amounts the alleged sums of money were delivered by petitioner to her husband. "All express trusts are required to be in writing. Code, § 108-105. The petition need not allege that the trust was in writing, and is not subject to demurrer because failing to make such allegation." *Beecher* v. *Carter,* 189 *Ga.* 234, 241 (5 S. E. 2d, 648). Where, however, the trust forming the basis of the action is construed to be an express trust, and therefore to be enforceable must be in writing, "it is proper to sustain the demurrer on the ground that the agreement was not incorporated in or attached to the petition." *Beecher* v. *Carter,* supra. Obviously such a rule could have no ap-

plication where an implied trust is involved. "An implied trust is necessarily based upon an implied contract,—implied either in fact or in law." *Guffin* v. *Kelly,* supra, citing *Jackson* v. *Jackson, Hemphill* v. *Hemphill,* supra. The petition having been construed as proceeding upon an implied trust, the contention in this respect cannot be sustained. Nor is the petition subject to the criticism that it alleges contradictions, and is too vague and indefinite to show an implied trust. By reference to the statement of the case it will be seen that on August 16, 1919, the petitioner placed in the hands of her husband $4840.86 in cash, with which it was alleged he purchased stock in Peoples Loan Inc. on that date. On June 11, 1920, she placed in his hands $5000 bond for title collection, payable $50 per month, with which he purchased stock in Peoples Loan Inc. as the collections were made by him. The amount of stock held by the husband was alleged, as well as the plaintiff's interest therein. These allegations are sufficiently definite as against the demurrer.

■ Grounds 9, 10, 13, and 14 of the special demurrer are directed to paragraphs 15, 16, 23, and 26 of the petition. Summarizing the objections raised in these demurrers, which have not heretofore been considered in this opinion, they may be treated as complaining that the averments contained in these paragraphs are not positive and definite, and allege only the "information and belief" of the petitioner. A positive allegation based upon information and belief is permissible. However "An averment that complainants are informed and believe that a fact exists is a mere statement as to their information and belief, and is not equivalent to positive allegation of the fact itself." *Nance* v. *Daniel,* 183 *Ga.* 538, 543 (189 S. E. 21), citing *McLendon* v. *Hooks,* 15 *Ga.* 533; *Taylor* v. *Harp,* 37 *Ga.* 359; *Jones* v. *Macon & Brunswick R. Co.,* 39 *Ga.* 138; *Hone* v. *Moody,* 59 *Ga.* 731; *Landes* v. *Globe Planter Mfg. Co.,* 73 *Ga.* 176; *McKenzie* v. *Thomas,* 118 *Ga.* 728 (6) (45 S. E. 610). See *Bailey* v. *B. F. Coggins Granite &c. Co.,* 192 *Ga.* 72 (14 S. E. 2d, 568); 41 Am. Jur. § 40. It would seem to be the better practice to require a pleader to allege unequivocally, without reference to information and belief, respecting matters primarily within his knowledge or by reason of the circumstances presumed to be within his knowledge; but averments with reference to facts and matter primarily and peculiarly within the knowledge of the

748

opposite party may be made upon information and belief. The facts constituting the subject-matter of the allegations of paragraphs 15 and 23 are positively averred, though upon information and belief, and are not allegations merely of petitioner's information and belief, as contended by the plaintiff in error. While the language used in paragraph 16 might not be as positive as the rule requires, in view of the fact that the averments contain matters primarily within the knowledge of the defendant husband, it cannot be held to be so indefinite as not to form a controvertible issue. Paragraph 14 of the demurrer is directed to paragraph 26 of the petition, upon the grounds that only conclusions are pleaded, and allege merely petitioner's information and belief, and are not germane to the cause of action. This paragraph contains both positive averments and averments which are nothing more than the petitioner's information and belief. The paragraph as a whole is not subject to demurrer upon the grounds urged; and since the demurrer assaults the paragraph as a whole, without specifying the objectionable allegations, it must fail in its office as a critic, and was properly overruled. *Washington Water & Electric Co.* v. *Pope Mfg. Co.,* 176 *Ga.* 155 (2) (167 S. E. 286); *National Bondholders Cor.* v. *Cheeseman,* 190 *Ga.* 166, 168 (8 S. E. 2d, 391).

All other grounds of demurrer not herein specifically considered, and not abandoned by the plaintiff in error, have been examined and found to be without merit.

*Judgment affirmed. All the Justices concur.*